FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION   2012 NOV 16  PM 2:53

CHARLES (LEE) CROWE

CASE NO.:   CLERK. US DISTRICT COURT
MIDDLE DISTRICT OF FL
JACKSONVILLE FLORIDA

Plaintiffs,

3:12-cv-1258-J-99TJC-MCR

vs.

BGR ACQUISITION, LLC, a Florida
limited liability company, SUNCREST
HEALTHCARE, INC., a foreign corporation,
and ENTERPRISE FLEET MANAGEMENT,
INC., a foreign corporation,

Defendants.

## DEFENDANTS' NOTICE OF REMOVAL AND
## INCORPORATED MEMORANDUM OF LAW

Defendants, BGR Acquisition, LLC, Suncrest Healthcare, Inc., and Enterprise Fleet

Management, Inc. (hereinafter "Defendants"), give Notice of Removal to this Court of the case

styled Charles (Lee) Crowe v. BGR Acquisition, LLC, et al., Case Number 16-2012-CA-003707,

Division CV-E, filed in the Circuit Court of the Fourth Judicial Circuit in and for Duval County,

Florida.

### I.   BACKGROUND

Plaintiff, CHARLES (LEE) CROWE, (hereinafter "Plaintiff") initiated the instant civil

action in the Circuit Court of the Fourth Judicial Circuit in and for Duval County, Florida,

against Defendants, seeking damages. Plaintiff's initial Complaint included a consortium count

for his wife that was later dismissed, with prejudice. Plaintiff's initial Complaint also included

allegations against Rosemarie Churchill, who was employed by BGR Acquisition, LLC and

acting within the scope of her employment at the time of the subject incident.

Plaintiff asked for, and was given, consent for leave to amend his Complaint. The Court entered an Order permitting Plaintiff's Amended Complaint to be filed in the case. The Order was entered on October 29, 2012.

Plaintiff's Amended Complaint named only three Defendants: (1) Suncrest Healthcare, Inc.; (2) BGR Acquisition, LLC (a "wholly owned" subsidiary of Suncrest), and; (3) Enterprise Fleet Management, Inc.[1] Plaintiff seeks compensatory damages for alleged bodily injuries as a result of this incident. *See Amended Complaint* in Composite Exhibit 1.

This Notice of Removal has been timely filed and without waiver by Defendants. Specifically, this Notice of Removal has been filed within thirty (30) days of service of Plaintiff's Amended Complaint, which occurred on or about October 18, 2012. *Order Permitting Amended Complaint* in Composite Exhibit 1.

**II.      MEMORANDUM OF LAW IN SUPPORT**

This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332. This is an action between citizens of different states where the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. Thus, this action may be removed to this Court by Defendants, pursuant to 28 U.S.C. §§ 1441 and 1446.

**A.      Diversity**

Plaintiff and Defendants are all citizens of different states. Upon information and belief, Plaintiff is a citizen of, and domiciled in, Duval County, Florida. *Plaintiff's Answers to Interrogatories* ¶¶2&3 within Composite Exhibit 1 (stating that he has lived at his current address for the last 10 years; further his company's business address is listed the same as his

---

[1] The pleadings in this case are all included within Composite Exhibit 1 attached to this Notice of Removal.

residence). Therefore, for the purpose of determining whether diversity jurisdiction exists Plaintiff is a citizen of Florida.

A corporation is a citizen of any state in which it is incorporated and of the state where its principal place of business is located. 28 U.S.C. § 1332(c). Suncrest Healthcare, Inc. (hereinafter "Suncrest") is a foreign corporation organized and existing under the laws of Georgia. Further, Suncrest's principal place of business is in Tennessee. *Suncrest's Fla. Sec. of State Filing* attached as Exhibit 2. Accordingly, for the purpose of determining whether diversity jurisdiction exists, Defendant Suncrest can be considered a citizen of the States of Georgia or Tennessee.

Enterprise Fleet Management, Inc. (hereinafter "Enterprise") is a foreign corporation organized and existing under the laws of Missouri. Further, Enterprise's principal place of business is in Missouri. *Enterprise's Fla. Sec. of State Filing* attached as Exhibit 3. Accordingly, for the purpose of determining whether diversity jurisdiction exists, Defendant Enterprise can be considered a citizen of the State of Missouri.

BGR Acquisition, LLC (hereinafter "BGR") is a limited liability company. *BGR's Fla. Sec. of State Filing* attached as Exhibit 4. A limited liability company is considered a citizen of any state in which its members are citizens. Rolling Acres MHP, LP v. Comcast SCH Holdings, LLC, 374 F.3d 1020, 1022 (11th Cir. 2004). BGR is a wholly owned subsidiary of Suncrest Healthcare, Inc. Exhibit 4. As noted above, Suncrest is a corporation organized under the laws of Georgia with its principal place of business is in Tennessee. Exhibit 2. Accordingly, for the purpose of determining whether diversity jurisdiction exists, Defendant BGR, like its only member Suncrest, can only be considered a citizen of the States of Georgia or Tennessee.

Therefore, there is complete diversity between all parties to this action.

**B.**     **Amount in controversy exceeds $75,000**

Where a plaintiff has not pled a specific amount of damages, the removing defendants must establish the amount in controversy by a preponderance of the evidence. Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001).     A defendant may introduce affidavits, declarations or other documentation to meet its burden, but only if the facts contained therein existed at the time of removal. Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744 (11th Cir. 2010); Sierminski v. Transouth Fin. Corp., 216 F.3d 945, 949 (11th Cir. 2000).[2]

A pre-suit demand is permissible evidence of the amount in controversy. Pretka, 608 F.3d at 755; see also AAA Abachman Enters. v. Stanley Steemer Int'l, Inc., 268 Fed. App'x 864, 866 (11th Cir. 2008) (considering demand when deciding amount in controversy).

The amount in controversy alleged in this case is in excess of $75,000.00, exclusive of costs and interest.     On October 6, 2011, Plaintiff contacted the Liability Claims Adjuster assigned to handle this claim, Mr. Lloyd Curry, AIC, AIS. *Curry Affidavit* attached as Exhibit 5. Mr. Curry's job responsibilities include speaking with claimants, or claimants' representatives, in order to investigate, process and resolve liability claims.     Id.   During the October 6, 2011 telephone call, Plaintiff demanded an amount in between $75,000 and $100,000 to settle his claims arising out of this incident.   Id.   Thus, the amount in controversy exceeds $75,000.00 and this case is removable pursuant to 28 U.S.C. § 1441.

Venue is also proper in the Jacksonville Division of the Middle District of Florida, pursuant to 28 U.S.C. § 1391, 28 U.S.C. § 1441(a), and 28 U.S.C. § 1446, since it is removed from the Fourth Judicial Circuit Court in and for Duval County, Florida.

---

[2] Further, a district court may employ its own judicial experience or common sense to discern whether a complaint establishes the jurisdictional amount in controversy required for removal. Roe v. Michelin N. Am., Inc., 613 F.3d 1058 (11th Cir. 2010).

Defendants will file with the Clerk of Court for the Circuit Court in and for Duval County, Florida, a Notice of Filing Notice of Removal pursuant to 28 U.S.C. § 1446(d). *Copy of Notice of Filing* is attached as <u>Exhibit 6</u>. In addition, true and legible copies of all process, pleadings, and other papers on file in the Circuit Court of the Fourth Judicial Circuit in and for Duval County, Florida are attached hereto as <u>Composite Exhibit 1</u> . 28 U.S.C. § 1446(a).

## III.   CONCLUSION

As set forth above, removal of the instant action to this Court is appropriate. Therefore, Defendants respectfully request that this action be removed from the Circuit Court of the Fourth Judicial Circuit in and for Duval County, Florida to this Honorable Court and that this Court assume jurisdiction of this case pursuant to 28 U.S.C. §§ 1332 and 1441.

DATED this *16* of November, 2012.

BOYD & JENERETTE, P.A.

_____

PETER P. SLEDZIK
Florida Bar No. 0982740
201 North Hogan Street, Suite 400
Jacksonville, Florida 32202
904-353-6241 – Telephone
904-493-3744 – Facsimile
psledzik@boyd-jenerette.com
*Attorneys for Defendant*

Primary Address for E-service: <u>efiling@boyd-jenerette.com</u>

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been furnished to **Rebecca H. Cozart, Esquire**, Barnes & Cohen, P.A., 2747 Art Museum Drive, Suite 500, Jacksonville, Florida 32207, Rcozart@BBCjustice.com, ChalmersB@BBCjustice.com; by Electronic Mail this ___16___ day of November, 2012.

_____
Attorney

00732324

Form 1.997
**Civil Cover Sheet**

The civil cover sheet and the information contained herein neither replace nor supplement the
filing and service of pleadings or other papers as required by law. This form shall be filed by the
plaintiff or petitioner for the use of the Clerk of Court for the purpose of reporting judicial
workload data pursuant to Florida Statute section 25.075. (See instructions for completion).

16- 2012 -CA- 0 0 3 7 0 7          -XXXX-MA

**I. CASE STYLE**                    **Fourth Judicial Circuit**
In and for **Duval** County, Florida

**CHARLES (LEE) CROWE and
ELLEN CROWE, his wife,**                          **DIVISION CV-E**

Plaintiff(s),                                   Case #:_____

vs.                                             Judge:_____

**BGR ACQUISITION, LLC, a Florida limited liability company,
SUNCREST HEALTHCARE, INC., a foreign corporation,
ENTERPRISE FLEET MANAGEMENT, INC., a foreign corporation,
and ROSEMARIE CHURCHILL, an individual,**

FILED

APR 0 2 2012

Defendant(s).

CLERK CIRCUIT COURT

**II. TYPE OF CASE**    (If the case fits more than one type of case, select the most definitive
category.) If the most descriptive label is a subcategory (is indented
under a broader category), place an x in both the main category and
subcategory boxes.

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☒ Auto negligence
☐ Negligence – Other
   ☐ Business governance
   ☐ Business torts
   ☐ Environmental/Toxic tort
   ☐ Third party indemnification
   ☐ Construction defect
   ☐ Mass tort
   ☐ Negligent security
   ☐ Nursing home negligence
   ☐ Premises liability – commercial
   ☐ Premises liability – residential
☐ Products liability
☐ Constitutional challenge – proposed amendment
☐ Corporate trusts
☐ Discrimination – employment or other
☐ Insurance claims
☐ Intellectual property

☐ Real property/Mortgage foreclosure
   ☐ Commercial foreclosure $0 - $50,000
   ☐ Commercial foreclosure $50,001 - $249,999
   ☐ Commercial foreclosure $250,000 or more
   ☐ Homestead Residential Foreclosure $0 - $50,000
   ☐ Homestead Residential Foreclosure $50,001 - $249,999
   ☐ Homestead Residential Foreclosure $250,000 or more
   ☐ Nonhomestead Residential Foreclosure $0 - $50,000
   ☐ Nonhomestead Residential Foreclosure $50,001 - $249,999
   ☐ Nonhomestead Residential Foreclosure $250,000 or more
   ☐ Other real property actions $0 - $50,000
   ☐ Other real property actions $50,001 - $249,999
   ☐ Other real property actions $250,000 or more
☐ Professional malpractice
   ☐ Malpractice – business
   ☐ Malpractice – medical
   ☐ Malpractice – other professional
☐ Other
   ☐ Antitrust/Trade regulation
   ☐ Business transactions
   ☐ Constitutional challenge – statute or ordinance
   ☐ Libel/Slander
   ☐ Shareholder derivative action
   ☐ Securities litigation
   ☐ Trade secrets
   ☐ Trust litigation

**EXHIBIT**
**1**
ALL-STATE LEGAL

**III. REMEDIES SOUGHT** (check all that apply):

☒ monetary;
☐ nonmonetary declaratory or injunctive relief;
☐ punitive

**IV. NUMBER OF CAUSES OF ACTION: [ 2_]**

(specify) <u>Auto Negligeince, Consortium</u>

**V. IS THIS A CLASS ACTION LAWSUIT??**

☐ yes
☒ no

**VI. HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**

☒ no
☐ yes If "yes", list all related cases by name, case number, and court.

**VII. IS JURY TRIAL DEMANDED IN COMPLAINT?**

☒ yes
☐ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief.

Date: 3|29|12

Signature of Attorney for Party
Initiating Action

Chalmers H. Barnes, ESQ.
Florida Bar No.: 0487570
REBECCA H. COZART, ESQ.
Florida Bar No.: 0487570
BARNES & COHEN, P.A.
2747 Art Museum Dr., Suite 500
Jacksonville, FL 32207

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA

CHARLES (LEE) CROWE and ELLEN
CROWE, his wife,

CASE NO.: 16- 2012 -CA- 0 0 3 7 0 7       -XXXX-

DIVISION:

    Plaintiffs,

v.

BGR ACQUISITION, LLC, a Florida
limited liability company, SUNCREST
HEALTHCARE, INC., a foreign
corporation, ENTERPRISE FLEET
MANAGEMENT, INC., a foreign
corporation, and ROSEMARIE
CHURCHILL, an individual,

    Defendants.



DIVISION CV-E

FILED
APR 0 2 2012
CLERK CIRCUIT CO..RT

## COMPLAINT

COME NOW the Plaintiffs, **CHARLES (LEE) CROWE** and **ELLEN CROWE**, his wife, and sue Defendants, **BGR ACQUISITION, LLC**, a Florida limited liability company, **SUNCREST HEALTHCARE, INC.**, a foreign corporation, **ENTERPRISE FLEET MANAGEMENT, INC.**, a foreign corporation, and **ROSEMARIE CHURCHILL**, an individual, and allege:

## COUNT I

1.    This is an action for damages that exceed the sum of $15,000.00 exclusive of costs and interest.

2.    At all times material hereto, Defendant, **BGR ACQUISITION, LLC**, was and is a Florida limited liability company, duly licensed to conduct business and doing business within the

1

State of Florida.

3.      At all times material hereto, Defendant, **SUNCREST HEALTHCARE, INC.,** was and is a foreign profit corporation, duly licensed to conduct business and doing business within the State of Florida.

4.      At all times material hereto, Defendant, **ENTERPRISE FLEET MANAGEMENT, INC.,** was and is a foreign profit corporation, duly licensed to conduct business and doing business within the State of Florida.

5.      At all times material hereto, Defendant, **ROSEMARIE CHURCHILL,** was and is a resident of Florida.

6.      At all times material hereto, Defendants, **BGR ACQUISITION, LLC,** and/or **SUNCREST HEALTHCARE, INC.,** and/or **ENTERPRISE FLEET MANAGEMENT, INC.,** or all of them, employed Defendant, **ROSEMARIE CHURCHILL,** who operated a motor vehicle that caused the collision in question.

7.      At all times material hereto, Defendant, **ROSEMARIE CHURCHILL,** was in the course and scope of her employment with the Defendants and the Defendants are responsible for her negligence.

8.      On or about June 16, 2011, Defendant, **ROSEMARIE CHURCHILL,** operated a motor vehicle, during the course and scope of her employment with the Defendants, on State Road 134, also known as 103rd Street, at or near its intersection with I-295 in Jacksonville, Duval County, Florida, and caused it to crash into a motor vehicle owned and operated by Plaintiff, **CHARLES (LEE) CROWE.**

9.      At the time and place of the collision, Defendant, **ROSEMARIE CHURCHILL,**

negligently operated the vehicle she was driving.

10.     As a direct and proximate cause of Defendants' negligence, Plaintiff, **CHARLES**

**(LEE) CROWE,** suffered bodily injury and resulting pain and suffering, disability, disfigurement,

mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and

nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a

previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer

the losses in the future.

11.     This action is not subject to the tort threshold requirements contained in Florida

Statute Annotated Section 627.737 as Plaintiff, **CHARLES (LEE) CROWE,** has sustained

permanent injuries within a reasonable degree of medical probability as well as permanent and

significant scarring and disfigurement.

## COUNT II

12.     Plaintiffs re-allege the allegations in Count I, above.

13.     At all times pertinent hereto, Plaintiff, **ELLEN CROWE,** was and continues to be

the wife of Plaintiff, **CHARLES (LEE) CROWE.**

14.     As a result of the injuries sustained by her husband, Plaintiff, **ELLEN CROWE,** has

lost his consortium, services, and companionship.

**WHEREFORE,** Plaintiffs, **CHARLES (LEE) CROWE and ELLEN CROWE, his wife,**

demand judgment for compensatory damages plus costs against Defendants, **BGR ACQUISITION,**

**LLC, SUNCREST HEALTHCARE, INC., ENTERPRISE FLEET MANAGEMENT, INC.,**

**and ROSEMARIE CHURCHILL,** and demand trial by jury of all issues contained herein.

3

**BARNES & COHEN, P.A.**

By:_____

**GLENN E. COHEN, ESQ.**
Florida Bar No. 0187695
**REBECCA H. COZART, ESQ.**
Florida Bar No. 0487570
2747 Art Museum Drive, Suite 500
Jacksonville, FL 32207
Telephone: 904.396.5181
Telefax: 904.396.9008
**ATTORNEYS FOR PLAINTIFFS**

4

RETURN OF SERVICE

FILED

APR 23 2012

CLERK CIRCUIT COURT

PERSON TO BE SERVED:

RECEIPT NUMBER: 0001022-12

ROSEMARIE CHURCHILL
2999 PIEDMONT MANOR DR
OP

$CV-E$

PLAINTIFF: CHARLES L & ELLEN CROWE
  -VS-
DEFENDANT: BGR ACQUISITION LLC ET AL

TYPE WRIT: SUM/COMP/REQ FOR PROD/NOT SERV OF INTERROG

COURT: CIRCUIT DUVAL                    COURT DATE:
CASE #: 162012CA0003707                 COURT TIME:

Received the above-named writ on April 13, 2012, at 10:41 AM,
and served the same on April 17, 2012, at 1:50 PM,
in CLAY County, Florida, as follows:

INDIVIDUAL

By delivering a true copy of this writ together with a copy of the
initial pleadings, if any, with the date and hour of service endorsed
thereon by me, to: ROSEMARIE CHURCHILL

SERVED @ 817 PALMETTO AVE GCSPS, FL

SERVICE COST: $40.00                          RICK BESELER, SHERIFF
DB, CIVIL CLERK                               CLAY COUNTY, FLORIDA

MAIL TO:                              BY:

    ATTNYS AT LAW                               COAN A, D.S.
BARNES & COHEN P A
    2747 ART MUSEUM DR
    SUITE 500
    JACKSONVILLE, FL    32207

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR DUVAL
COUNTY, FLORIDA

CHARLES (LEE) CROWE and ELLEN CROWE,
his wife,

CASE NO.: ‎16- 2012-CA- 0 0 3 7 0                -XXXX-M

DIVISION:

    Plaintiffs,

v.

BGR ACQUISITION, LLC, a Florida limited
liability company, SUNCREST HEALTHCARE,
INC., a foreign corporation, ENTERPRISE FLEET
MANAGEMENT, INC., a foreign corporation, and
ROSEMARIE CHURCHILL, an individual,

**DIVISION CV-E**

    Defendants.          /

## SUMMONS

THE STATE OF FLORIDA
To Each Sheriff of The State:

       **YOU ARE COMMANDED** to serve this Summons, and a copy of the Complaint, on the Defendant in this
action:

**ROSEMARIE CHURCHILL**
**2999 PIEDMONT MANOR DRIVE**
**ORANGE PARK, FLORIDA 32065**

      Each Defendant is required to serve written defenses to the Complaint or Petition on Plaintiffs' attorney, whose
name and address is:

Rebecca H. Cozart, Esquire
**BARNES & COHEN, P.A.**
2747 Art Museum Drive, Suite 500
Jacksonville, Florida 32207

within twenty (20) days after service of this Summons on that Defendant, exclusive of the day of service, and to file the

original of the defenses with the Clerk of this Court either before service on Plaintiffs' attorney or immediately thereafter.

If a Defendant fails to do so, a default with be entered against that Defendant for the relief demanded in the Complaint or

Petition.

    WITNESS, my hand and Seal of this Court on this _____ day of _____ **APR 0 2 2012** ____

                               Clerk of Court **JIM FULLER**

                 By: _____

                 Deputy Clerk

## IMPORTANT

A lawsuit has been filed against you.  You have 20 calendar days after this Summons is served on you to file a written response to the attached Complaint with the Clerk of this Court.  A phone call will not protect you.  Your written response, including the case number given above and the names of the parties, must be filed if you want the Court to hear your side of the case.  If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court.  There are other legal requirements.  You may want to call and attorney right away.  If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response the Court you must also mail or take a copy of your written response the "Plaintiff/Plaintiff's Attorney" named below.

If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance.  Please contact the Duval County Court Administrator at (904) 630-2564, within 2 working days of your receipt of this summons.  If you are hearing or voice impaired, call 1-800-955-8771.

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

## IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de su reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

**REBECCA H. COZART, ESQUIRE**
**Florida Bar No.:  0487570**
**BARNES & COHEN, P.A.**
**2747 Art Museum Drive, Suite 500**
**Jacksonville, Florida 32207**
**(904) 396-5181; (904) 396-9008 (fax)**
**ATTORNEYS FOR PLAINTIFFS**

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA

CHARLES (LEE) CROWE and ELLEN
CROWE, his wife,

CASE NO.: 12-CA-3707

DIVISION: CV – E

    Plaintiffs,

v.

BGR ACQUISITION, LLC, a Florida limited
liability company, SUNCREST
HEALTHCARE, INC., a foreign corporation,
ENTERPRISE FLEET MANAGEMENT,
INC., a foreign corporation, and
ROSEMARIE CHURCHILL, an individual,

    Defendants.



**FILED**

APR 27 2012

CLERK CIRCUIT COURT

_____ /

## NOTICE OF FILING RETURN OF SERVICE

COMES NOW the Plaintiff, **CHARLES CROWE**, by and through his undersigned

attorneys, and files the attached Return of Service on ENTERPRISE FLEET MANAGEMENT.

Service of process was completed on April 18, 2012.

This the 26ᵗʰ day of April, 2012.

                BARNES & COHEN, P.A.

                By: _____
                REBECCA H. COZART
                Florida Bar No.: 0487570
                **JOHN C.W. CHERNESKI, ESQ.**
                Florida Bar No.:  0085780
                2747 Art Museum Drive, Suite 500
                Jacksonville, FL 32207
                Telephone:    (904) 396-5181
                Facsimile:    (904) 396-9008
                **ATTORNEYS FOR PLAINTIFFS**

**BROWARD COUNTY SHERIFF'S OFFICE**
P.O. BOX 9507   FORT LAUDERDALE, FLORIDA 33310

**RETURN OF SERVICE**

Assignment: 14503

Service Sheet #     12-019630

CHARLES (LEE) CROWE; ET AL vs. BGR ACQUISITION, LLC ; ET AL     12-CA-3707 ~ CV-E

SUM/CMP,REQ PROD & ADMIT,INTR     VS   CIRCUIT/DUVAL     DEFENDANT     CASE

TYPE OF WRIT     COURT     HEARING DATE

ENTERPRISE FLEET MGMT, INC     1200 S PINE ISLAND ROAD
                                PLANTATION, FL 33324
C/O  CT CORPORATION SYSTEM, R.A.     SERVE

Received this process on
**4/17/2012**
Date

354504
BARNES & COHEN, P.A.
2747 ART MUSEUM DRIVE, SUITE 500
JACKSONVILLE , FL 32207

REBECCA COZART, ESQ.

9884
Attorney

☒ Served

☐ Not Served – see comments  9A

4/18/12     at     9A
Date     Time

On ENTERPRISE FLEET MGMT, INC C/O CT CORPORATION SYSTEM, R.A.     in Broward County, Florida, by serving the within named person a true copy of the writ, with the date and time of service endorsed thereon by me, and a copy of the complaint, petition, or initial pleading, by the following method:

☐ **INDIVIDUAL SERVICE**

**SUBSTITUTE SERVICE:**
☐ At the defendant's usual place of abode on "any person residing therein who is 15 years of age or older", to wit:
_____, in accordance with F.S. 48.031(1)(a)

**FILED**

**APR 27 2012**

☐ To _____, the defendant's spouse, at _____ in accordance with F.S. 48.03 (2)(a)

☐ To _____, the person in charge of the defendant's business in accordance with F.S. 48.031(3) if two (2) or more attempts to serve the defendant have been made at the place of business

**CORPORATE SERVICE:**
☐ To _____, holding the following position of said corporation _____ in the absence of any superior officer in accordance with F.S. 48.081

☐ To _____, an employee of defendant corporation in accordance with F.S. 48.081(3)

☒ To  CTCORP _____, as resident agent of said corporation in accordance with F.S. 48.091

☐ **PARTNERSHIP SERVICE:** To _____, partner, or to _____, designated employee or person in charge of partnership, in accordance with F.S. 48.061(1)

☐ **POSTED RESIDENTIAL:** By attaching a true copy to a conspicuous place on the property described in the complaint or summons. Neither the tenant nor a person residing therein 15 years of age or older could be found at the defendant's usual place of abode in accordance with F.S. 48.183

1st attempt date/time: _____     2nd attempt date/time: _____

☐ **POSTED COMMERCIAL:** By attaching a true copy to a conspicuous place on the property in accordance with F.S. 48.183

1st attempt date/time: _____     2nd attempt date/time: _____

☐ **OTHER RETURNS:** See comments

COMMENTS:  Danna Mochi Supervisor

You can now check the status of your writ
by visiting the Broward Sheriff's Office
Website at www.sheriff.org and clicking
on the icon "Service Inquiry"

AL LAMBERTI, SHERIFF
BROWARD COUNTY, FLORIDA

BY: _____ 9136 _____ D.S.
      PERCIVAL

ORIGINAL

## RECEIPT INFORMATION

RECEIPT #: 12-010630

CHECK #: 44267

SVC FEE: $120.00

SUS FEE: $0.00

QUANTITY:

ORIG: 3

SVCS: 3

## EXECUTION COSTS

DOCKET & INDEX: $0.00

LEVYING: $0.00

ADVERTISING

HOLDING SALE

POSTAGE: $0.00

BILL OF SALE

TOTAL: $120.00

## DEMAND/LEVY INFORMATION

JUDGMENT DATE: 00/00/0000

JUDGMENT AMT.: $0.00

INTEREST PERCENT: 0%

INTEREST AMOUNT: $0.00

SHERIFF'S COST: $120.00

TOTAL AMOUNT: $120.00

BSO# C1 (REV.2/2008)                    ORIGINAL

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA

CHARLES (LEE) CROWE and ELLEN
CROWE, his wife,

       Plaintiffs,

v.

BGR ACQUISITION, LLC, a Florida limited
liability company, SUNCREST
HEALTHCARE, INC., a foreign corporation,
ENTERPRISE FLEET MANAGEMENT,
INC., a foreign corporation, and
ROSEMARIE CHURCHILL, an individual,

       Defendants.

CASE NO.: 12-CA-3707

DIVISION: CV — E



FILED

APR 27 2012

CLERK CIRCUIT COURT

## NOTICE OF FILING RETURN OF SERVICE

    COMES NOW the Plaintiff, **CHARLES CROWE**, by and through his undersigned
attorneys, and files the attached Return of Service on SUNCREST HEALTHCARE. Service of
process was completed on April 18, 2012.

    This the 26th day of April, 2012.

BARNES & COHEN, P.A.

By: _____

REBECCA H. COZART
Florida Bar No.: 0487570
JOHN C.W. CHERNESKI, ESQ.
Florida Bar No.: 0085780
2747 Art Museum Drive, Suite 500
Jacksonville, FL 32207
Telephone:    (904) 396-5181
Facsimile:    (904) 396-9008
**ATTORNEYS FOR PLAINTIFFS**

# BROWARD COUNTY SHERIFF'S OFFICE
P.O. BOX 9507   FORT LAUDERDALE, FLORIDA 33310

## RETURN OF SERVICE

Assignment #: 14508

Service Sheet #: 12-019630

CHARLES (LEE) CROWE; ET AL vs. BGR ACQUISITION, LLC ; ET AL

12-CA-3707 — CV-E

| PLAINTIFF | vs | DEFENDANT | CASE |

SUM/CMP, REQ PROD & ADMIT,INTR       CIRCUIT/DUVAL

TYPE OF WRIT       COURT       HEARING DATE

SUNCREST HEALTHCARE, INC       1200 S PINE ISLAND ROAD

C/O  CT CORPORATION SYSTEM, R.A.    SERVE    PLANTATION, FL 33324

Received this process on: **4/17/2012**
Date

354504
BARNES & COHEN, P.A.
2747 ART MUSEUM DRIVE, SUITE 500
JACKSONVILLE , FL 32207

REBECCA COZART, ESQ.
Attorney

9884

☑ Served

☐ Not Served – see comments

Date: 4/17/12    at    9A    Time

ON SUNCREST HEALTHCARE, INC C/O  CT CORPORATION SYSTEM, R.A.                    in Broward County, Florida, by serving the within named person a true copy of the writ, with the date and time of service endorsed thereon by me, and a copy of the complaint, petition, or initial pleading, by the following method:

☐ **INDIVIDUAL SERVICE**

**SUBSTITUTE SERVICE:**

☐ At the defendant's usual place of abode on "any person residing therein who is 15 years of age or older", to wit:

_____, in accordance with F.S. 48.031(1)(a)

☐ To _____, the defendant's spouse, at _____ in accordance with F.S. 48.031(2)(a)

☐ To _____, the person in charge of the defendant's business in accordance with F.S. 48.031 after _____ attempts to serve the defendant have been made at the place of business

**CORPORATE SERVICE:**

☐ To _____, holding the following position of said corporation _____ in the absence of any superior officer in accordance with F.S. 48.081

☐ To _____, an employee of defendant corporation in accordance with F.S. 48.081(3)

☑ To *CT CORP* _____, as resident agent of said corporation in accordance with F.S. 48.091

☐ **PARTNERSHIP SERVICE:** To _____, partner, or to _____, designated employee or person in charge of partnership, in accordance with F.S. 48.061(1)

☐ **POSTED RESIDENTIAL:** By attaching a true copy to a conspicuous place on the property described in the complaint or summons. Neither the tenant nor a person residing therein 15 years of age or older could be found at the defendant's usual place of abode in accordance with F.S. 48.183

1st attempt date/time: _____   2nd attempt date/time: _____

☐ **POSTED COMMERCIAL:** By attaching a true copy to a conspicuous place on the property in accordance with F.S. 48.183

1st attempt date/time: _____   2nd attempt date/time: _____

☐ **OTHER RETURNS:** See comments

COMMENTS:  *DONNA MOCHL SUPERVISOR*

**FILED**

APR 27 2012

in accordance with F.S. 48.031 after _____ attempts to

CLERK CIRCUIT COURT

You can now check the status of your writ
by visiting the Broward Sheriff's Office
Website at www.sheriff.org and clicking
on the icon "Service Inquiry"

AL LAMBERTI, SHERIFF
BROWARD COUNTY, FLORIDA

BY: _____ 9136 _____ D.S.
Percival

ORIGINAL

| RECEIPT INFORMATION | | EXECUTION COSTS | | DEMAND/LEVY INFORMATION | |
|---|---|---|---|---|---|
| RECEIPT #: | 12-019630 | DOCKET & INDEX | $0.00 | JUDGMENT DATE: | 00/00/0000 |
| CHECK #: | 44267 | LEVYING | $0.00 | JUDGMENT AMT.: | $0.00 |
| SVC FEE: | $120.00 | ADVERTISING | | INTEREST PERCENT | 0% |
| SUS FEE: | $0.00 | HOLDING SALE | | INTEREST AMOUNT | $0.00 |
| QUANTITY: | | POSTAGE | $0.00 | SHERIFF'S COST | $120.00 |
| ORIG: | 3 | BILL OF SALE | | TOTAL AMOUNT: | $120.00 |
| SVCS: | 3 | TOTAL: | $120.00 | | |

BSO# C1 (REV.2/2008)                    ORIGINAL

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA

CHARLES (LEE) CROWE and ELLEN
CROWE, his wife,

        Plaintiffs,

v.

BGR ACQUISITION, LLC, a Florida limited
liability company, SUNCREST
HEALTHCARE, INC., a foreign corporation,
ENTERPRISE FLEET MANAGEMENT,
INC., a foreign corporation, and
ROSEMARIE CHURCHILL, an individual,

        Defendants.

CASE NO.: 12-CA-3707

DIVISION: CV – E



FILED

APR 2 7 2012

CLERK CIRCUIT COURT

_____/

## NOTICE OF FILING RETURN OF SERVICE

    COMES NOW the Plaintiff, **CHARLES CROWE**, by and through his undersigned attorneys, and files the attached Return of Service on BGR ACQUISITION, LLC. Service of process was completed on April 18, 2012.

    This the 26th day of April, 2012.

BARNES & COHEN, P.A.

By: _____
**REBECCA H. COZART**
Florida Bar No.: 0487570
**JOHN C.W. CHERNESKI, ESQ.**
Florida Bar No.: 0085780
2747 Art Museum Drive, Suite 500
Jacksonville, FL 32207
Telephone:    (904) 396-5181
Facsimile:    (904) 396-9008
**ATTORNEYS FOR PLAINTIFFS**

**BROWARD COUNTY SHERIFF'S OFFICE**
P.O. BOX 9507   FORT LAUDERDALE, FLORIDA 33310

**RETURN OF SERVICE**

Assignment # 14808

Service Sheet # 12-019630

CHARLES (LEE) CROWE; ET AL vs. BGR ACQUISITION, LLC ; ET AL

12-CA-3707 ~ CV-E

SUM/CMP REQ PROD & ADMIT,INTR    vs.    CIRCUIT/DUVAL

| PLAINTIFF | DEFENDANT | CASE |

TYPE OF WRIT    COURT    HEARING DATE

BGR ACQUISITION, LLC    1200 S PINE ISLAND ROAD

SERVE    PLANTATION, FL 33324

C/O  CT CORPORATION SYSTEM, R.A.

Received this process on
**4/17/2012**
Date

354504
BARNES & COHEN, P.A.
2747 ART MUSEUM DRIVE, SUITE 500
JACKSONVILLE , FL 32207

REBECCA COZART, ESQ.

☑ Served

☐ Not Served – see comments

4/18/12    at    9A
Date    Time

9884    Attorney

BGR ACQUISITION, LLC    C/O CT CORPORATION SYSTEM, R.A., in Broward County, Florida, by serving the within named person a true copy of the writ, with the date and time of service endorsed thereon by me, and a copy of the complaint, petition, or initial pleading, by the following method:

☐ **INDIVIDUAL SERVICE**

**SUBSTITUTE SERVICE:**
☐ At the defendant's usual place of abode on "any person residing therein who is 15 years of age or older", to wit:
_____, in accordance with F.S. 48.031(1)(a)

☐ To _____, the defendant's spouse, at _____ in accordance with F.S. 48.031(2)(a)

☐ To _____, the person in charge of the defendant's business in accordance with F.S. 48.031(2)(b). Two attempts to serve the defendant have been made at the place of business

**FILED**
APR 27 2012

CLERK CIRCUIT COURT

**CORPORATE SERVICE:**
☐ To _____, holding the following position of said corporation _____ in the absence of any superior officer in accordance with F.S. 48.081

☐ To _____, an employee of defendant corporation in accordance with F.S. 48.081(3)

☑ To  *CT Corp* _____, as resident agent of said corporation in accordance with F.S. 48.091

☐ **PARTNERSHIP SERVICE:** To _____, partner, or to _____, designated employee or person in charge of partnership, in accordance with F.S. 48.061(1)

☐ **POSTED RESIDENTIAL:** By attaching a true copy to a conspicuous place on the property described in the complaint or summons. Neither the tenant nor a person residing therein 15 years of age or older could be found at the defendant's usual place of abode in accordance with F.S. 48.183

1st attempt date/time: _____    2nd attempt date/time: _____

☐ **POSTED COMMERCIAL:** By attaching a true copy to a conspicuous place on the property in accordance with F.S. 48.183

1st attempt date/time: _____    2nd attempt date/time: _____

☐ **OTHER RETURNS:** See comments

COMMENTS:  *DONNA MOCK, SUPERVISOR*

**You can now check the status of your writ
by visiting the Broward Sheriff's Office
Website at www.sheriff.org and clicking
on the icon "Service Inquiry"**

AL LAMBERTI, SHERIFF
BROWARD COUNTY, FLORIDA

BY: _____9136_____    D.S.

*PERCIVAL*

| RECEIPT INFORMATION | EXECUTION COSTS | DEMAND/LEVY INFORMATION |
|---|---|---|
| RECEIPT #: 12-019630 | DOCKET & INDEX $0.00 | JUDGMENT DATE: 00/00/0000 |
| CHECK #: 44287 | LEVYING $0.00 | JUDGMENT AMT.: $0.00 |
| SVC FEE: $120.00 | ADVERTISING | INTEREST PERCENT 0% |
| SUS FEE: $0.00 | HOLDING SALE | INTEREST AMOUNT $0.00 |
| QUANTITY: | POSTAGE $0.00 | SHERIFF'S COST $120.00 |
| ORIG: 3 | BILL OF SALE $120.00 | TOTAL AMOUNT: $120.00 |
| SVCS: 3 | TOTAL.: $120.00 | |

BSO# C1 (REV.2/2008)                         ORIGINAL

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA

CASE NO.:   16-2012-CA-003707-XXXX-MA
DIVISION:   CV-E

CHARLES (LEE) CROWE and
ELLEN CROWE, his wife,

      Plaintiffs,

vs.

BGR ACQUISITION, LLC, a Florida
limited liability company, SUNCREST
HEALTHCARE, INC., a foreign corporation,
ENTERPRISE FLEET MANAGEMENT,
INC., a foreign corporation, and
ROSEMARIE CHURCHILL, an individual,

      Defendants.



FILED
MAY 08 2012
CLERK CIRCUIT COURT

---

## DEFENDANT ENTERPRISE FLEET MANAGEMENT'S MOTION TO DISMISS

Defendant, ENTERPRISE FLEET MANAGEMENT, INC. (hereinafter "Enterprise") by

and through its undersigned counsel, and pursuant to Florida Rules of Civil Procedure, moves the

Court for an order dismissing the Plaintiffs' Complaint without prejudice, and in support thereof,

states as follows:

    1.     On April 2, 2012, Plaintiffs Charles (Lee) Crowe and Ellen Crowe filed the

instant action.

    2.     Defendant Enterprise was served with the Complaint on or about April 18, 2012.

    3.     The Complaint asserts claims against four separate defendants in a single count.

    4.     "The purpose of pleadings is to present, define, and narrow the issues." White v.

Fletcher, 90 So. 2d 129, 131 (Fla. 1956). Thus, the pleadings should frame the issues between

the parties so they know what issues they are facing and can prepare to confront them. <u>Black v. Rouse,</u> 587 So. 2d 1359, 1361 (Fla. 4th DCA 1991); <u>Nguyen v. Roth Realty, Inc.,</u> 550 So. 2d 490, 491 (Fla. 5th DCA 1989).

5.      Moreover, Florida Rules of Civil Procedure provide that separate causes of action "shall be stated in a separate count....when separation facilitates the clear presentation of the matter set forth." Fla. R. Civ. P. 1.110 (f).

6.      Accordingly, where the plaintiff asserts claims against several different defendants, "each claim should be pleaded in a separate count instead of lumping all defendants together." <u>Pratus v. City of Naples,</u> 807 So. 2d 795, 797 (Fla. 2d DCA 2002). <u>See also</u> <u>K.R. Exch. Services, Inc. v. Fuerst, Humphrey, Ittleman, PL,</u> 48 So. 3d 889, 893 (Fla. 3d DCA 2010) (holding that plaintiff failed to comply with Florida Rule of Civil Procedure 1.110 by failing "to plead each distinct claim in a separate count, rather than plead the various claims against all of the defendants together."); <u>Dubus v. McArthur,</u> 682 So. 2d 1246, 1247 (Fla. 1st DCA 1996) (noting that the task of the trial court "was made more difficult because the appellants' amended complaint improperly attempts to state in a single count separate causes of action.").

7.      A defendant may test the sufficiency of the plaintiff's complaint by a motion to dismiss. Fla. R. Civ. Pro. 1.140(b)(6).

8.      Thus, where a complaint impermissibly comingles claims against separate defendants, the proper remedy is to grant a motion to dismiss without prejudice. <u>Aspsoft, Inc. v. WebClay, Inc.,</u> 983 So. 2d 761, 768 (Fla. 5th DCA 2008). <u>See also</u> <u>K.R. Exchange Services, Inc.,</u> 48 So. 3d at 894 (holding that dismissal was warranted where the plaintiff did not differentiate between the various defendants or separate the claims against the various defendants into separate counts).

9.     In the instant matter, Plaintiffs' Complaint impermissibly comingles the claims against four separate defendants into one count, rendering its claims against Enterprise vague and ambiguous.   Moreover, to the extent Plaintiffs seek to allege vicarious liability under the dangerous instrumentality doctrine, the Complaint fails to assert who owns the subject vehicle.

10.    As a result of "lumping" all the Defendants together, it is unclear what issues Enterprise is specifically facing and Enterprise is unable to form an appropriate response to Plaintiffs' allegations.

11.    Therefore, Plaintiffs' Complaint does not meet Florida's pleading requirements and should be dismissed.

WHEREFORE, Defendant ENTERPRISE FLEET MANAGEMENT, INC. respectfully requests that this Honorable Court grant its Motion to Dismiss and dismiss Plaintiffs' Complaint without prejudice.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been furnished to **Rebecca H. Cozart, Esquire**, Barnes & Cohen, P.A., 2747 Art Museum Drive, Suite 500, Jacksonville, Florida 32207; by U.S. Mail this 8th day of May, 2012.

BOYD & JENERETTE, P.A.

_____
PETER P. SLEDZIK
Florida Bar No. 0982740
201 North Hogan Street, Suite 400
Jacksonville, Florida 32202
904-353-6241 – Telephone
904-493-3744 – Facsimile
Attorneys for Defendant Enterprise Fleet Management, Inc.

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA

CASE NO.:   16-2012-CA-003707-XXXX-MA
DIVISION:   CV-E

CHARLES (LEE) CROWE and
ELLEN CROWE, his wife,

    Plaintiffs,

vs.

BGR ACQUISITION, LLC, a Florida
limited liability company, SUNCREST
HEALTHCARE, INC., a foreign corporation,
ENTERPRISE FLEET MANAGEMENT,
INC., a foreign corporation, and
ROSEMARIE CHURCHILL, an individual,

    Defendants.

**FILED**

MAY 1 0 2012

CLERK CIRCUIT COURT

---

## DEFENDANT ENTERPRISE FLEET MANAGEMENT, INC.'S
## RESPONSE TO PLAINTIFFS' REQUEST FOR ADMISSIONS

Defendant, ENTERPRISE FLEET MANAGEMENT, INC., by and through its

undersigned counsel, hereby responds to Plaintiffs' Request for Admissions as follows:

    1.    Please admit that Defendant ENTERPRISE FLEET MANAGEMENT, INC.

owned and/or had a property interest in the subject matter vehicle involved in the subject matter

collision with Plaintiff Charles Crowe on June 16, 2011.

**RESPONSE:** Admitted.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been furnished to **Rebecca H.**

**Cozart, Esquire,** Barnes & Cohen, P.A., 2747 Art Museum Drive, Suite 500, Jacksonville,

Florida 32207; by U.S. Mail this ___10___ day of May, 2012.

BOYD & JENERETTE, P.A.

PETER P. SLEDZIK
Florida Bar No. 0982740
201 North Hogan Street, Suite 400
Jacksonville, Florida 32202
904-353-6241 – Telephone
904-493-3744 – Facsimile
Attorneys for Defendant Enterprise Fleet Management, Inc.

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA

CASE NO.:   16-2012-CA-003707-XXXX-MA
DIVISION:   CV-E

CHARLES (LEE) CROWE and
ELLEN CROWE, his wife,

       Plaintiffs,

vs.

BGR ACQUISITION, LLC, a Florida
limited liability company, SUNCREST
HEALTHCARE, INC., a foreign corporation,
ENTERPRISE FLEET MANAGEMENT,
INC., a foreign corporation, and
ROSEMARIE CHURCHILL, an individual,

       Defendants.

**FILED**

MAY 1 0 2012

*CLERK CIRCUIT COURT*

---

## DEFENDANT BGR ACQUISITION, LLC.'S
## RESPONSE TO PLAINTIFFS' REQUEST FOR ADMISSIONS

    Defendant, BGR ACQUISITION, LLC, by and through its undersigned counsel, hereby

responds to Plaintiffs' Request for Admissions as follows:

    1.     Please admit that Defendant BGR ACQUISITION, LLC owned and/or had a

property interest in the subject matter vehicle involved in the subject matter collision with

Plaintiff Charles Crowe on June 16, 2011.

    **RESPONSE:**  Denied.

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a copy of the foregoing has been furnished to **Rebecca H.**

**Cozart, Esquire,** Barnes & Cohen, P.A., 2747 Art Museum Drive, Suite 500, Jacksonville,

Florida 32207; by U.S. Mail this _____ day of May, 2012.

BOYD & JENERETTE, P.A.

PETER P. SLEDZIK
Florida Bar No. 0982740
201 North Hogan Street, Suite 400
Jacksonville, Florida 32202
904-353-6241 – Telephone
904-493-3744 – Facsimile
Attorneys for Defendant Enterprise Fleet Management, Inc.

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA

CASE NO.:   16-2012-CA-003707-XXXX-MA
DIVISION:   CV-E

CHARLES (LEE) CROWE and
ELLEN CROWE, his wife,

    Plaintiffs,

vs.

BGR ACQUISITION, LLC, a Florida
limited liability company, SUNCREST
HEALTHCARE, INC., a foreign corporation,
ENTERPRISE FLEET MANAGEMENT,
INC., a foreign corporation, and
ROSEMARIE CHURCHILL, an individual,

    Defendants.

**FILED**

MAY 1 0 2012

CLERK CIRCUIT COURT

---

## DEFENDANT SUNCREST HEALTHCARE, INC.'S
## RESPONSE TO PLAINTIFFS' REQUEST FOR ADMISSIONS

Defendant, SUNCREST HEALTHCARE, INC., by and through its undersigned counsel,

hereby responds to Plaintiffs' Request for Admissions as follows:

    1.    Please admit that Defendant SUNCREST HEALTHCARE, INC. owned and/or

had a property interest in the subject matter vehicle involved in the subject matter collision with

Plaintiff Charles Crowe on June 16, 2011.

**RESPONSE:** Denied.

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a copy of the foregoing has been furnished to **Rebecca H.**

**Cozart, Esquire**, Barnes & Cohen, P.A., 2747 Art Museum Drive, Suite 500, Jacksonville,

Florida 32207; by U.S. Mail this ___10___ day of May, 2012.

BOYD & JENERETTE, P.A.

_____
PETER P. SLEDZIK
Florida Bar No. 0982740
201 North Hogan Street, Suite 400
Jacksonville, Florida 32202
904-353-6241 – Telephone
904-493-3744 – Facsimile
Attorneys for Defendant Enterprise Fleet Management, Inc.

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA

CASE NO.:   16-2012-CA-003707-XXXX-MA
DIVISION:   CV-E

CHARLES (LEE) CROWE and
ELLEN CROWE, his wife,

       Plaintiffs,

vs.

BGR ACQUISITION, LLC, a Florida
limited liability company, SUNCREST
HEALTHCARE, INC., a foreign corporation,
ENTERPRISE FLEET MANAGEMENT,
INC., a foreign corporation, and
ROSEMARIE CHURCHILL, an individual,

       Defendants.

```
┌─────────────────────┐
│   F I L E D          │
│                      │
│   MAY 1 0 2012       │
│                      │
│   Jim Fuller         │
│   CLERK CIRCUIT COURT│
└─────────────────────┘
```

---

## DEFENDANT ENTERPRISE FLEET MANAGEMENT, INC.'S OBJECTIONS TO PLAINTIFFS' DISCOVERY REQUESTS

Defendant, ENTERPRISE FLEET MANAGEMENT, INC., by and through its undersigned attorneys and pursuant to Rules 1.280, 1.350 and 1.340, Florida Rules of Civil Procedure, files its objections to Plaintiffs' discovery and in response to the foregoing state:

    1.    Defendant objects to Request for Production of Documents No. 8 seeking statements. Statements are protected by the work product doctrine privilege as they are prepared in anticipation of litigation.

    2.    Defendant objects to Request for Production of Documents No. 21 seeking Enterprise's rules and regulations related to the safe operation of a vehicle. The information requested is not relevant or reasonably calculated to lead to the discovery of admissible evidence

as Rosemarie Churchill was not an employee of Enterprise Fleet Management, Inc. and had no agency relationship with it.

      3.      Defendant objects to Request for Production of Documents No. 22 seeking written materials and manuals regarding safety guidelines and procedures for drivers.  The information requested is not relevant or reasonably calculated to lead to the discovery of admissible evidence as Rosemarie Churchill was not an employee of Enterprise Fleet Management, Inc. and had no agency relationship with it.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been furnished to **Rebecca H. Cozart, Esquire,** Barnes & Cohen, P.A., 2747 Art Museum Drive, Suite 500, Jacksonville, Florida 32207; by U.S. Mail this \_\_/o\_\_ day of May, 2012.

BOYD & JENERETTE, P.A.


_____
PETER P. SLEDZIK
Florida Bar No. 0982740
201 North Hogan Street, Suite 400
Jacksonville, Florida 32202
904-353-6241 – Telephone
904-493-3744 – Facsimile
Attorneys for Defendant Enterprise Fleet Management, Inc.

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA

CASE NO.:    16-2012-CA-003707-XXXX-MA
DIVISION:    CV-E

CHARLES (LEE) CROWE and
ELLEN CROWE, his wife,

      Plaintiffs,

vs.

BGR ACQUISITION, LLC, a Florida
limited liability company, SUNCREST
HEALTHCARE, INC., a foreign corporation,
ENTERPRISE FLEET MANAGEMENT,
INC., a foreign corporation, and
ROSEMARIE CHURCHILL, an individual,

      Defendants.

**FILED**

MAY 1 0 2012

CLERK CIRCUIT COURT

---

### DEFENDANT SUNCREST HEALTHCARE, INC.'S OBJECTIONS TO PLAINTIFFS' FIRST REQUEST FOR PRODUCTION

Defendant, SUNCREST HEALTHCARE, INC., by and through its undersigned attorneys

and pursuant to Rules 1.280 and 1.350, Florida Rules of Civil Procedure, files these objections to

Plaintiffs' First Request to Produce and as grounds therefore would state:

     1.     Defendant objects to Request to Produce Nos. 4, 5 and 20 seeking information as

to injuries of Rosemarie Churchill and any documents related to applications or claims for

Claimant's payments submitted by her concerning personal injury or medical bills. This

information is not relevant or reasonably calculated to lead to the discovery of admissible

evidence and is protected by the Privacy Acts of the United States and the Florida Constitutions

as well as the Health Insurance Portability and Accountability Act.

2.     Defendants objects to Request for Production of Document Nos. 10 and 12 seeking Plaintiff's employment records.  This Request seeks information protected by the Privacy Acts of the United States and Florida Constitutions as well as the Health Insurance Portability and Accountability Act.

3.     Defendant objects to Request for Production of Document No. 14 seeking disciplinary actions.  This information is not relevant or reasonably calculated to lead to the discovery of admissible evidence and is protected by the subsequent remedial measures doctrine.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been furnished to **Rebecca H. Cozart, Esquire**, Barnes & Cohen, P.A., 2747 Art Museum Drive, Suite 500, Jacksonville, Florida 32207; by U.S. Mail this ___/0___ day of May, 2012.

BOYD & JENEKETTE, P.A.

PETER P. SLEDZIK
Florida Bar No. 0982740
201 North Hogan Street, Suite 400
Jacksonville, Florida 32202
904-353-6241 – Telephone
904-493-3744 – Facsimile
Attorneys for Defendant Enterprise Fleet Management, Inc.

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA

CHARLES (LEE) CROWE and ELLEN
CROWE, his wife,

CASE NO.: 10V1627 ⟨2012 CA 3707⟩

    Plaintiffs,

DIVISION: CVE

v.



BGR ACQUISITION, LLC, a Florida limited
liability company, SUNCREST
HEALTHCARE, INC., a foreign corporation,
ENTERPRISE FLEET MANAGEMENT, INC.,
a foreign corporation, and ROSEMARIE
CHURCHILL, an individual,

**FILED**

JUN 0 1 2012

CLERK CIRCUIT COURT

    Defendants.           /

### PLAINTIFFS' NOTICE OF VOLUNTARY DISMISSAL WITH PREJUDICE

COME NOW, the Plaintiffs, CHARLES (LEE) CROWE and ELLEN CROWE, his wife, and

hereby file this Notice of Voluntary Dismissal With Prejudice as to ELLEN CROWE in the above styled case.

Plaintiff' Affidavit to support her dismissal from this lawsuit is attached as Exhibit A.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been furnished by U. S. Mail to:

Peter Sledzik
201 North Hogan Street, Suite 400
Jacksonville, FL 32202

this _____ day of June, 2012.

BARNES & COHEN, P.A.

By: _____
REBECCA H. COZART, ESQUIRE
Florida Bar No. 487570
2747 Art Museum Drive, Suite 500
Jacksonville, FL 32207
Telephone:    (904) 396-5181
Facsimile:    (904) 396-9008

1

IN THE CIRCUIT COURT,
FOURTH JUDICIAL CIRCUIT, IN AND
FOR DUVAL COUNTY, FLORIDA

CHARLES LEE CROWE and          *
ELLEN CROWE, his wife,
                               *
        Plaintiffs,
                               *
v.                                     CIVIL ACTION NO.: 10V1627
                               *
BGR ACQUISITION, LLC,
a Florida limited liability company,
 SUNCREST HEALTHCARE, INC.,
a foreign corporation, ENTERPRISE
FLEET MANAGEMENT, INC.,
a foreign corporation, and
ROSEMARIE CHURCHILL,
an individual,
                               *
        Defendant.
                               *
_____

## AFFIDAVIT

The Affiant, HELEN CROWE, upon being duly sworn, deposes and says:

1.      My name is HELEN CROWE. I was mistakenly named ELLEN CROWE on this law suit.

2.      I am the legal wife of CHARLES LEE CROWE who resides at 10559 Innisbrook Dr., Jacksonville, Florida 32222.

3.      CHARLES LEE CROWE and I are Plaintiffs in the above-styled cause.

4.      At this time, I hereby instruct the law firm of Barnes & Cohen, P.A., our attorneys in the above-styled cause, to dismiss me as a Plaintiff to this action pursuant to my request.

5.      I understand and acknowledge that I will not be entitled to any monies for damages recovered by, in this action and, that my "loss of consortium" claim and by dismissing me as a Plaintiff to this lawsuit, I will not be entitled to pursue any damages caused by the loss of consortium,

companionship, society and services, that I may have sustained as a result of the injuries that Charles Lee

Crowe sustained during a June 16, 2011 motor vehicle collision in Duval County, Florida.

*Helen Crowe*

**HELEN CROWE**

**STATE OF FLORIDA**

**COUNTY OF DUVAL**

The foregoing instrument was acknowledged before me this 23cd day of May, 2012, by _Helen Crowe_, who is personally known to me and who did take an oath.

*Theresa Wright*

**NOTARY PUBLIC, State of**
**Florida at Large**

THERESA WRIGHT
Commission # EE 056515
Expires January 19, 2015
Bonded Thru Troy Fain Insurance 800-385-7019

_____

Printed Name / Commission Expires

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA

CASE NO.:   16-2012-CA-003707
DIVISION:   CV-E

CHARLES (LEE) CROWE and
ELLEN CROWE, his wife,

     Plaintiffs,

vs.

BGR ACQUISITION, LLC, a Florida
limited liability company, SUNCREST
HEALTHCARE, INC., a foreign corporation,
ENTERPRISE FLEET MANAGEMENT,
INC., a foreign corporation, and
ROSEMARIE CHURCHILL, an individual,

     Defendants.



**FILED**

**JUN 2 0 2012**

CLERK CIRCUIT COURT

---

## DEFENDANT ENTERPRISE FLEET MANAGEMENT, INC.'S ANSWERS TO PLAINTIFFS' INTERROGATORIES

Defendant, ENTERPRISE FLEET MANAGEMENT, INC., by and through its

undersigned attorneys, hereby gives notice that it has this day served the original of its Answers

to Plaintiffs' Interrogatories to Defendant upon counsel for Plaintiffs.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been furnished to **Rebecca H.**

**Cozart, Esquire,** Barnes & Cohen, P.A., 2747 Art Museum Drive, Suite 500, Jacksonville,

Florida 32207; by U.S. Mail this ___20___ day of June, 2012.

BOYD & JENERETTE, P.A.

PETER P. SLEDZIK
Florida Bar No. 0982740
201 North Hogan Street, Suite 400
Jacksonville, Florida 32202
904-353-6241 – Telephone
904-493-3744 – Facsimile
Attorneys for Defendant Enterprise Fleet
Management, Inc.

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA

CASE NO.:    16-2012-CA-003707-
DIVISION:    CV-E

CHARLES (LEE) CROWE and
ELLEN CROWE, his wife,

      Plaintiffs,

vs.

BGR ACQUISITION, LLC, a Florida
limited liability company, SUNCREST
HEALTHCARE, INC., a foreign corporation,
ENTERPRISE FLEET MANAGEMENT,
INC., a foreign corporation, and
ROSEMARIE CHURCHILL, an individual,

      Defendants.



FILED
JUN 20 2012
CLERK CIRCUIT COURT

---

## DEFENDANTS' BGR ACQUISITION LLC, SUNCREST HEALTHCARE, INC. and ROSEMARIE CHURCHILL MOTION TO DISMISS

Defendants, BGR ACQUSITION, LLC, (hereinafter "BGR"), SUNCREST HEALTHCARE, INC. (hereinafter "Suncrest") and ROSEMARIE CHURCHILL (hereinafter "Churchill") by and through their undersigned counsel, and pursuant to Florida Rules of Civil Procedure, moves the Court for an order dismissing the Plaintiffs' Complaint without prejudice, and in support thereof, states as follows:

1.      On April 2, 2012, Plaintiffs Charles (Lee) Crowe and Ellen Crowe filed the instant action.

2.      Defendant BGR was served with the Complaint on or about April 18, 2012.

3.      Defendant Suncrest was served with the Complaint on or about April 18, 2012.

4.      Defendant Churchill was served with the Complaint on or about April 13, 2012.

5.      Complaint asserts claims against four separate defendants in a single count.

6.     "The purpose of pleadings is to present, define, and narrow the issues." White v. Fletcher, 90 So. 2d 129, 131 (Fla. 1956). Thus, the pleadings should frame the issues between the parties so they know what issues they are facing and can prepare to confront them. Black v. Rouse, 587 So. 2d 1359, 1361 (Fla. 4th DCA 1991); Nguyen v. Roth Realty, Inc., 550 So. 2d 490, 491 (Fla. 5th DCA 1989).

7.     Moreover, Florida Rules of Civil Procedure provide that separate causes of action "shall be stated in a separate count....when separation facilitates the clear presentation of the matter set forth." Fla. R. Civ. P. 1.110 (f).

8.     Accordingly, where the plaintiff asserts claims against several different defendants, "each claim should be pleaded in a separate count instead of lumping all defendants together." Pratus v. City of Naples, 807 So. 2d 795, 797 (Fla. 2d DCA 2002). See also K.R. Exch. Services, Inc. v. Fuerst, Humphrey, Ittleman, PL, 48 So. 3d 889, 893 (Fla. 3d DCA 2010) (holding that plaintiff failed to comply with Florida Rule of Civil Procedure 1.110 by failing "to plead each distinct claim in a separate count, rather than plead the various claims against all of the defendants together."); Dubus v. McArthur, 682 So. 2d 1246, 1247 (Fla. 1st DCA 1996) (noting that the task of the trial court "was made more difficult because the appellants' amended complaint improperly attempts to state in a single count separate causes of action.").

9     A defendant may test the sufficiency of the plaintiff's complaint by a motion to dismiss. Fla. R. Civ. Pro. 1.140(b)(6).

10.     Thus, where a complaint impermissibly comingles claims against separate defendants, the proper remedy is to grant a motion to dismiss without prejudice. Aspsoft, Inc. v. WebClay, Inc., 983 So. 2d 761, 768 (Fla. 5th DCA 2008). See also K.R. Exchange Services, Inc., 48 So. 3d at 894 (holding that dismissal was warranted where the plaintiff did not differentiate

between the various defendants or separate the claims against the various defendants into separate counts).

11.     In the instant matter, Plaintiffs' Complaint impermissibly comingles the claims against four separate defendants into one count, rendering its claims against Enterprise vague and ambiguous.   Moreover, to the extent Plaintiffs seek to allege vicarious liability under the dangerous instrumentality doctrine, the Complaint fails to assert who owns the subject vehicle.

12.     As a result of "lumping" all the Defendants together, it is unclear what issues Enterprise is specifically facing and Enterprise is unable to form an appropriate response to Plaintiffs' allegations.

13.     Therefore, Plaintiffs' Complaint does not meet Florida's pleading requirements and should be dismissed.

WHEREFORE, Defendants, BGR ACQUSITION, LLC,  SUNCREST HEALTHCARE, INC. and ROSEMARIE CHURCHILL  respectfully request that this Honorable Court grant its Motion to Dismiss and dismiss Plaintiffs' Complaint without prejudice.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been furnished to **Rebecca H. Cozart, Esquire,** Barnes & Cohen, P.A., 2747 Art Museum Drive, Suite 500, Jacksonville, Florida 32207; via facsimile and U.S. Mail this 17th day of May, 2012.

BOYD & JENRETTE, P.A.

_____
PETER P. SLEDZIK
Florida Bar No. 0982740
201 North Hogan Street, Suite 400
Jacksonville, Florida 32202
904-353-6241 – Telephone
904-493-3744 – Facsimile
Attorneys for Defendant Enterprise Fleet Management, Inc.

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA

CASE NO.:   16-2012-CA-003707
DIVISION:   CV-E

CHARLES (LEE) CROWE and
ELLEN CROWE, his wife,

     Plaintiffs,

vs.

BGR ACQUISITION, LLC, a Florida
limited liability company, SUNCREST
HEALTHCARE, INC., a foreign corporation,
ENTERPRISE FLEET MANAGEMENT,
INC., a foreign corporation, and
ROSEMARIE CHURCHILL, an individual,

     Defendants.

```
┌─────────────────────────┐
│  F I L E D              │
│     JUN 2 2 2012        │
│     Jim Fuller          │
│   CLERK CIRCUIT COURT   │
└─────────────────────────┘
```

## DEFENDANT SUNCREST HEALTHCARE, INC.'S RESPONSES TO PLAINTIFFS' FIRST REQUEST FOR PRODUCTION

     Defendant, SUNCREST HEALTHCARE, INC., by and through its undersigned

attorneys, hereby responds to Plaintiffs' First Request for Production as follows:

     1.     Any and all photographs, movies, videotapes taken by the defendant, its agents,
attorneys, investigators or insurance carriers, or in the possession of Defendant or its agents,
investigators or insurance carriers that reflects the scene of the collision which is the subject of
the Complaint, the vehicle involved in the collision or of any of the parties to the litigation, in
compliance with Target Corporation v. David Hutchins v. Tracey Vogel, 35 Fla. L. Weekly
D1686 (Aug. 6, 2010).

**RESPONSE:**

**See attached black and white photos of Plaintiff's vehicle, and color copy photos of
vehicle operated by Rosemarie Churchill, currently in the possession of this
Defendant.**

2.      Any drawings or diagrams of the scene of the collision which is the subject to the Complaint which are in the possession and/or custody of the Defendant or its agents, attorneys, investigators or insurance carriers.

**RESPONSE:**

**Copy is produced.**

3.      Any exhibits prepared by or in the custody of Defendant, its agents, attorneys, investigators or insurance carriers, or in the possession of the Defendant or its agents, attorneys, investigators or insurance carriers regarding the incident described in the Complaint.

**RESPONSE:**

**None.**

4.      A copy of the application and/or claims for payments submitted by the Defendant or Rosemarie Churchill to any insurance company for personal injuries and/or medical bills and /or property damage alleged sustained by the Defendant or Rosemarie Churchill as a result of the collision which is the subject of the Complaint.

**RESPONSE:**

**None.**

5.      Any documents regarding any injuries or damages to Rosemarie Churchill personally arising out of the collision described in the Complaint.

**RESPONSE:**

**None.**

6.      Any documents regarding any damage repairs or estimates for either the motor vehicle driven by Rosemarie Churchill at the time of the collision described in the Complaint.

**RESPONSE:**

**Copies are produced.**

7.      Legible and complete copies of the title to the motor vehicle which Rosemarie Churchill was operating at the time of the collision described in the Complaint and the motor vehicle registration form.

**RESPONSE:**

**Copy is produced.**

8.      Any statements, whether written or recorded, given or made by the Plaintiff, Defendant, Rosemarie Churchill, or any other witness to this litigation which are in the possession, custody or control of the Defendant, its agents, attorneys, investigators or insurance carriers.

**RESPONSE:**

**None.**

9.      A certified copy of any liability insurance policies including, but not limited to, any excess or umbrella policies, covering or inuring to the benefit of Defendant (or any of its companies), Rosemarie Churchill, or the vehicle operated by Rosemarie Churchill at the time of the collision described in the Complaint.

**RESPONSE:**

**A copy of the insurance policy is produced.**

10.     Any documents regarding Rosemarie Churchill's employment or agency with Defendant covering the time period from the date when Rosemarie Churchill first became employed or contracted with Defendant, ENTERPRISE, up until the date of your response to this Request including but not limited to her employment file.

**RESPONSE:**

**Objection, this request seeks information protected by the United States Constitution, the Florida Constitution, the Privacy Acts of the United States, as well as the Health Insurance Portability and Accountability Act.  Without waiving said objection, a copy is produced with social security information redacted.**

11.     A legible copy of both sides of Rosemarie Churchill's drivers' license.

**RESPONSE:**

**Objection, this request seeks information protected by the United States Constitution, the Florida Constitution, the Privacy Acts of the United States, as well as the Health Insurance Portability and Accountability Act.  Without waiving said objection, a copy is produced.**

12.     A complete copy of Rosemarie Churchill's employment and/or personnel files with Defendant, ENTERPRISE.

**RESPONSE:**

**See Response to No. 10 above.**

13.     Any correspondence from any insurance company to Rosemarie Churchill regarding the collision described in the complaint.

**RESPONSE:**

**None in this Defendant's possession.**

14.     All documents relating to any citation or disciplinary actions charged or taken against Rosemarie Churchill and received as a result of the incident described in the Complaint.

**RESPONSE:**

**Objection, this request seeks information protected by the Subsequent Remedial Measures Doctrine.  Without waiving said objection, none.**

15.     All documents regarding any investigation or inquiry ever made, prior to June 16, 2011, by or at the direction of defendant, ENTERPRISE, concerning Rosemarie Churchill's driving record or qualifications.

**RESPONSE:**

**See Response to No. 10 above.**

16.     All documents regarding any other accidents or incidents or traffic infractions committed by Rosemarie Churchill, prior to June 16, 2011, while operating any vehicle owned or leased by Defendant, ENTERPRISE.

**RESPONSE:**

**See Response to No. 10 above.**

17.     All documents regarding any agreement with any other person or party that would limit that party's liability to anyone for any of the damages sued upon in this litigation.

**RESPONSE:**

**Copies are produced.**

18.     All documents regarding any other litigation or claims including, but not limited to, any workers' compensation or personal injury claims, arising out of the collision described in the Complaint.

**RESPONSE:**

**None.**

19.     All documents reflecting whether Rosemarie Churchill consumed any alcoholic beverages or took any drugs or medication (including, but not limited to, prescription, over-the-counter, legal or illegal) within twelve (12) hours before the collision described in the Complaint and regarding any tests administered to determine the existence of the same in Rosemarie Churchill's system at any time after the collision.

**RESPONSE:**

**None.**

20.     All documents relating to any and all medical treatment or advice sought by Rosemarie Churchill as a result of the collision described in the Complaint.

**RESPONSE:**

**None.**

21.     Copies of any and all written materials and manuals which were in effect at the time of Rosemarie Churchill's hiring and commencement of employment with ENTERPRISE including, but not limited to, the rules and regulations of ENTERPRISE and procedures regarding the safe operation of vehicles.

**RESPONSE:**

**Copies are produced.**

22.     Copies of any and all written materials and manuals regarding safety guidelines and procedures for drivers, including Rosemarie Churchill which: (a) were in effect at the time of the June 16, 2011 collision; and (b) are in effect today.

**RESPONSE:**

**See Response to No. 21 above.**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been furnished to **Rebecca H. Cozart, Esquire,** Barnes & Cohen, P.A., 2747 Art Museum Drive, Suite 500, Jacksonville, Florida 32207; by U.S. Mail this ___2/___ day of June, 2012.

BOYD & JENERETTE, P.A.

PETER P. SLEDZIK
Florida Bar No. 0982740
201 North Hogan Street, Suite 400
Jacksonville, Florida 32202
904-353-6241 – Telephone
904-493-3744 – Facsimile
Attorneys for Defendant Suncrest
Healthcare, Inc.

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA

CASE NO.:   16-2012-CA-003707
DIVISION:   CV-E

CHARLES (LEE) CROWE and
ELLEN CROWE, his wife,

     Plaintiffs,

vs.

BGR ACQUISITION, LLC, a Florida
limited liability company, SUNCREST
HEALTHCARE, INC., a foreign corporation,
ENTERPRISE FLEET MANAGEMENT,
INC., a foreign corporation, and
ROSEMARIE CHURCHILL, an individual,

     Defendants.



---

### DEFENDANT BGR ACQUISITION, LLC'S RESPONSES TO PLAINTIFFS' FIRST REQUEST FOR PRODUCTION

     Defendant, BGR ACQUISITION, LLC, by and through its undersigned attorneys, hereby

responds to Plaintiffs' First Request for Production as follows:

     1.     Any and all photographs, movies, videotapes taken by the defendant, its agents,
attorneys, investigators or insurance carriers, or in the possession of Defendant or its agents,
investigators or insurance carriers that reflects the scene of the collision which is the subject of
the Complaint, the vehicle involved in the collision or of any of the parties to the litigation, in
compliance with Target Corporation v. David Hutchins v. Tracey Vogel, 35 Fla. L. Weekly
D1686 (Aug. 6, 2010).

     **RESPONSE:**

     **Copies produced by SunCrest Healthcare, Inc. in response to Request for
Production of Documents.**

2.      Any drawings or diagrams of the scene of the collision which is the subject to the Complaint which are in the possession and/or custody of the Defendant or its agents, attorneys, investigators or insurance carriers.

**RESPONSE:**

**Copy produced by SunCrest Healthcare, Inc. in response to Request for Production of Documents.**

3.      Any exhibits prepared by or in the custody of Defendant, its agents, attorneys, investigators or insurance carriers, or in the possession of the Defendant or its agents, attorneys, investigators or insurance carriers regarding the incident described in the Complaint.

**RESPONSE:**

**None.**

4.      A copy of the application and/or claims for payments submitted by the Defendant or Rosemarie Churchill to any insurance company for personal injuries and/or medical bills and /or property damage alleged sustained by the Defendant or Rosemarie Churchill as a result of the collision which is the subject of the Complaint.

**RESPONSE:**

**None.**

5.      Any documents regarding any injuries or damages to Rosemarie Churchill personally arising out of the collision described in the Complaint.

**RESPONSE:**

**None.**

6.      Any documents regarding any damage repairs or estimates for either the motor vehicle driven by Rosemarie Churchill at the time of the collision described in the Complaint.

**RESPONSE:**

Copy produced by SunCrest Healthcare, Inc. in response to Request for Production of Documents.

7.      Legible and complete copies of the title to the motor vehicle which Rosemarie Churchill was operating at the time of the collision described in the Complaint and the motor vehicle registration form.

**RESPONSE:**

Copy produced by SunCrest Healthcare, Inc. in response to Request for Production of Documents.

8.      Any statements, whether written or recorded, given or made by the Plaintiff, Defendant, Rosemarie Churchill, or any other witness to this litigation which are in the possession, custody or control of the Defendant, its agents, attorneys, investigators or insurance carriers.

**RESPONSE:**

None.

9.      A certified copy of any liability insurance policies including, but not limited to, any excess or umbrella policies, covering or inuring to the benefit of Defendant (or any of its companies), Rosemarie Churchill, or the vehicle operated by Rosemarie Churchill at the time of the collision described in the Complaint.

**RESPONSE:**

Copy produced by SunCrest Healthcare, Inc. in response to Request for Production of Documents.

10.      Any documents regarding Rosemarie Churchill's employment or agency with Defendant covering the time period from the date when Rosemarie Churchill first became employed or contracted with Defendant, ENTERPRISE, up until the date of your response to this Request including but not limited to her employment file.

**RESPONSE:**

Objection, this request seeks information protected by the United States Constitution, The Florida Constitution, The Privacy Acts of the United States, as well as the Health Insurance Portability and Accountability Act. Without waving said objection, see copy produced by SunCrest HealthCare, Inc. in response to Request for Production of Documents.

11.    A legible copy of both sides of Rosemarie Churchill's drivers' license.

**RESPONSE:**

**See Response to No. 10 above.**

12.    A complete copy of Rosemarie Churchill's employment and/or personnel files with Defendant, ENTERPRISE.

**RESPONSE:**

**See Response to No. 10 above.**

13.    Any correspondence from any insurance company to Rosemarie Churchill regarding the collision described in the complaint.

**RESPONSE:**

**None in this Defendant's possession.**

14.    All documents relating to any citation or disciplinary actions charged or taken against Rosemarie Churchill and received as a result of the incident described in the Complaint.

**RESPONSE:**

**Objection, this request seeks information protected by the Subsequent Remedial Measures Doctrine. Without waiving said objection, none.**

15.    All documents regarding any investigation or inquiry ever made, prior to June 16, 2011, by or at the direction of defendant, ENTERPRISE, concerning Rosemarie Churchill's driving record or qualifications.

**RESPONSE:**

**See Response to No. 10 above.**

16.    All documents regarding any other accidents or incidents or traffic infractions committed by Rosemarie Churchill, prior to June 16, 2011, while operating any vehicle owned or leased by Defendant, ENTERPRISE.

**RESPONSE:**

**See Response to No. 10 above.**

17.    All documents regarding any agreement with any other person or party that would limit that party's liability to anyone for any of the damages sued upon in this litigation.

**RESPONSE:**

**Copy produced by SunCrest Healthcare, Inc. in response to Request for Production of Documents.**

18.    All documents regarding any other litigation or claims including, but not limited to, any workers' compensation or personal injury claims, arising out of the collision described in the Complaint.

**RESPONSE:**

**None.**

19.    All documents reflecting whether Rosemarie Churchill consumed any alcoholic beverages or took any drugs or medication (including, but not limited to, prescription, over-the-counter, legal or illegal) within twelve (12) hours before the collision described in the Complaint and regarding any tests administered to determine the existence of the same in Rosemarie Churchill's system at any time after the collision.

**RESPONSE:**

**None.**

20.     All documents relating to any and all medical treatment or advice sought by Rosemarie Churchill as a result of the collision described in the Complaint.

**RESPONSE:**

**None.**


21.     Copies of any and all written materials and manuals which were in effect at the time of Rosemarie Churchill's hiring and commencement of employment with ENTERPRISE including, but not limited to, the rules and regulations of ENTERPRISE and procedures regarding the safe operation of vehicles.

**RESPONSE:**

**Copies produced by SunCrest Healthcare, Inc. in response to Request for Production of Documents.**


22.     Copies of any and all written materials and manuals regarding safety guidelines and procedures for drivers, including Rosemarie Churchill which: (a) were in effect at the time of the June 16, 2011 collision; and (b) are in effect today.

**RESPONSE:**

**See Response to No. 21 above.**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been furnished to **Rebecca H. Cozart, Esquire**, Barnes & Cohen, P.A., 2747 Art Museum Drive, Suite 500, Jacksonville, Florida 32207; by U.S. Mail this ___21___ day of June, 2012.

BOYD & JENERETTE, P.A.

PETER P. SLEDZIK
Florida Bar No. 0982740
201 North Hogan Street, Suite 400
Jacksonville, Florida 32202
904-353-6241 – Telephone
904-493-3744 – Facsimile
Attorneys for Defendant BGR
ACQUISITION, LLC

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA

CASE NO.:   16-2012-CA-003707
DIVISION:   CV-E

CHARLES (LEE) CROWE and
ELLEN CROWE, his wife,

      Plaintiffs,

vs.

ENTERPRISE ACQUISITION, LLC, a Florida
limited liability company, ENTERPRISE
HEALTHCARE, INC., a foreign corporation,
ENTERPRISE FLEET MANAGEMENT,
INC., a foreign corporation, and
ROSEMARIE CHURCHILL, an individual,

      Defendants.



---

## DEFENDANT ENTERPRISE FLEET MANAGEMENT, INC.'S RESPONSES TO PLAINTIFFS' FIRST REQUEST FOR PRODUCTION

Defendant, ENTERPRISE FLEET MANAGEMENT, INC., by and through its

undersigned attorneys, hereby responds to Plaintiffs' First Request for Production as follows:

1.      Any and all photographs, movies, videotapes taken by the defendant, its agents, attorneys, investigators or insurance carriers, or in the possession of Defendant or its agents, investigators or insurance carriers that reflects the scene of the collision which is the subject of the Complaint, the vehicle involved ion the collision or of any of the parties to the litigation, in compliance with <u>Target Corporation v. David Hutchins v. Tracey Vogel</u>, 35 Fla. L. Weekly D1686 (Aug. 6, 2010).

### RESPONSE:

**Copies produced by SunCrest Healthcare, Inc. in response to Request for Production of Documents.**

2.     Any drawings or diagrams of the scene of the collision which is the subject to the Complaint which are in the possession and/or custody of the Defendant or its agents, attorneys, investigators or insurance carriers.

**RESPONSE:**

**Copy produced by SunCrest Healthcare, Inc. in response to Request for Production of Documents.**

3.     Any exhibits prepared by or in the custody of Defendant, its agents, attorneys, investigators or insurance carriers, or in the possession of the Defendant or its agents, attorneys, investigators or insurance carriers regarding the incident described in the Complaint.

**RESPONSE:**

**None.**

4.     A copy of the application and/or claims for payments submitted by the Defendant or Rosemarie Churchill to any insurance company for personal injuries and/or medical bills and /or property damage alleged sustained by the Defendant or Rosemarie Churchill as a result of the collision which is the subject of the Complaint.

**RESPONSE:**

**None.**

5.      Any documents regarding any injuries or damages to Rosemarie Churchill personally arising out of the collision described in the Complaint.

**RESPONSE:**

**None.**

6.      Any documents regarding any damage repairs or estimates for either the motor vehicle driven by Rosemarie Churchill at the time of the collision described in the Complaint.

**RESPONSE:**

**Copy produced by SunCrest Healthcare, Inc. in response to Request for Production of Documents.**

7.      Legible and complete copies of the title to the motor vehicle which Rosemarie Churchill was operating at the time of the collision described in the Complaint and the motor vehicle registration form.

**RESPONSE:**

**Copy produced by SunCrest Healthcare, Inc. in response to Request for Production of Documents.**

8.      Any statements, whether written or recorded, given or made by the Plaintiff, Defendant, Rosemarie Churchill, or any other witness to this litigation which are in the possession, custody or control of the Defendant, its agents, attorneys, investigators or insurance carriers.

**RESPONSE:**

**None.**

9.      A certified copy of any liability insurance policies including, but not limited to, any excess or umbrella policies, covering or inuring to the benefit of Defendant (or any of its companies), Rosemarie Churchill, or the vehicle operated by Rosemarie Churchill at the time of the collision described in the Complaint.

**RESPONSE:**

**Copy produced by SunCrest Healthcare, Inc. in response to Request for Production of Documents.**

10.      Any documents regarding Rosemarie Churchill's employment or agency with Defendant covering the time period from the date when Rosemarie Churchill first became employed or contracted with Defendant, ENTERPRISE, up until the date of your response to this Request including but not limited to her employment file.

**RESPONSE:**

**Objection, this request seeks information protected by the United States Constitution, the Florida Constitution, the Privacy Acts of the United States, as well as the Health Insurance Portability and Accountability Act.  Without waiving said objection, a**

copy produced by **SunCrest HealthCare, Inc. in response to Request for Production of Documents.**

    11.    A legible copy of both sides of Rosemarie Churchill's drivers' license.

**RESPONSE:**

**See Response to No. 10 above.**

    12.    A complete copy of Rosemarie Churchill's employment and/or personnel files with Defendant, ENTERPRISE.

**RESPONSE:**

**See Response to No. 10 above.**

    13.    Any correspondence from any insurance company to Rosemarie Churchill regarding the collision described in the complaint.

**RESPONSE:**

**None in this Defendant's possession.**

14.     All documents relating to any citation or disciplinary actions charged or taken against Rosemarie Churchill and received as a result of the incident described in the Complaint.

**RESPONSE:**

**Objection, this request seeks information protected by the Subsequent Remedial Measures Doctrine. Without waiving said objection, none.**

15.     All documents regarding any investigation or inquiry ever made, prior to June 16, 2011, by or at the direction of defendant, ENTERPRISE, concerning Rosemarie Churchill's driving record or qualifications.

**RESPONSE:**

**See Response to No. 10 above.**

16.     All documents regarding any other accidents or incidents or traffic infractions committed by Rosemarie Churchill, prior to June 16, 2011, while operating any vehicle owned or leased by Defendant, ENTERPRISE.

**RESPONSE:**

**See Response to No. 10 above.**

17.    All documents regarding any agreement with any other person or party that would limit that party's liability to anyone for any of the damages sued upon in this litigation.

**RESPONSE:**

**Copy produced by SunCrest Healthcare, Inc. in response to Request for Production of Documents.**

18.    All documents regarding any other litigation or claims including, but not limited to, any workers' compensation or personal injury claims, arising out of the collision described in the Complaint.

**RESPONSE:**

**None.**

19.    All documents reflecting whether Rosemarie Churchill consumed any alcoholic beverages or took any drugs or medication (including, but not limited to, prescription, over-the-counter, legal or illegal) within twelve (12) hours before the collision described in the Complaint and regarding any tests administered to determine the existence of the same in Rosemarie Churchill's system at any time after the collision.

**RESPONSE:**

**None.**

20.    All documents relating to any and all medical treatment or advice sought by Rosemarie Churchill as a result of the collision described in the Complaint.

**RESPONSE:**

**None.**

21.    Copies of any and all written materials and manuals which were in effect at the time of Rosemarie Churchill's hiring and commencement of employment with ENTERPRISE including, but not limited to, the rules and regulations of ENTERPRISE and procedures regarding the safe operation of vehicles.

**RESPONSE:**

**Copies produced by SunCrest Healthcare, Inc. in response to Request for Production of Documents.**

22.    Copies of any and all written materials and manuals regarding safety guidelines and procedures for drivers, including Rosemarie Churchill which: (a) were in effect at the time of the June 16, 2011 collision; and (b) are in effect today.

**RESPONSE:**

**See Response to No. 21 above.**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been furnished to **Rebecca H. Cozart, Esquire**, Barnes & Cohen, P.A., 2747 Art Museum Drive, Suite 500, Jacksonville, Florida 32207; by U.S. Mail this __2/__ day of June, 2012.

BOYD & JENERETTE, P.A.

PETER P. SLEDZIK
Florida Bar No. 0982740
201 North Hogan Street, Suite 400
Jacksonville, Florida 32202
904-353-6241 – Telephone
904-493-3744 – Facsimile
Attorneys for Defendant Enterprise Fleet
Management, Inc.

-9-

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA

CASE NO.:   16-2012-CA-003707
DIVISION:   CV-E

CHARLES (LEE) CROWE and
ELLEN CROWE, his wife,

     Plaintiffs,

vs.

ENTERPRISE ACQUISITION, LLC, a Florida
limited liability company, ENTERPRISE
HEALTHCARE, INC., a foreign corporation,
ENTERPRISE FLEET MANAGEMENT,
INC., a foreign corporation, and
ROSEMARIE CHURCHILL, an individual,

     Defendants.



**DEFENDANT ENTERPRISE FLEET MANAGEMENT, INC.'S RESPONSES
TO PLAINTIFFS' FIRST REQUEST FOR PRODUCTION**

     Defendant, ENTERPRISE FLEET MANAGEMENT, INC., by and through its

undersigned attorneys, hereby responds to Plaintiffs' First Request for Production as follows:

     1.    Any and all photographs, movies, videotapes taken by the defendant, its agents,
attorneys, investigators or insurance carriers, or in the possession of Defendant or its agents,
investigators or insurance carriers that reflects the scene of the collision which is the subject of
the Complaint, the vehicle involved ion the collision or of any of the parties to the litigation, in
compliance with Target Corporation v. David Hutchins v. Tracey Vogel, 35 Fla. L. Weekly
D1686 (Aug. 6, 2010).

     **RESPONSE:**

     **Copies produced by SunCrest Healthcare, Inc. in response to Request for
Production of Documents.**

2.      Any drawings or diagrams of the scene of the collision which is the subject to the Complaint which are in the possession and/or custody of the Defendant or its agents, attorneys, investigators or insurance carriers.

**RESPONSE:**

**Copy produced by SunCrest Healthcare, Inc. in response to Request for Production of Documents.**

3.      Any exhibits prepared by or in the custody of Defendant, its agents, attorneys, investigators or insurance carriers, or in the possession of the Defendant or its agents, attorneys, investigators or insurance carriers regarding the incident described in the Complaint.

**RESPONSE:**

**None.**

4.      A copy of the application and/or claims for payments submitted by the Defendant or Rosemarie Churchill to any insurance company for personal injuries and/or medical bills and /or property damage alleged sustained by the Defendant or Rosemarie Churchill as a result of the collision which is the subject of the Complaint.

**RESPONSE:**

**None.**

5.      Any documents regarding any injuries or damages to Rosemarie Churchill personally arising out of the collision described in the Complaint.

**RESPONSE:**

**None.**

6.      Any documents regarding any damage repairs or estimates for either the motor vehicle driven by Rosemarie Churchill at the time of the collision described in the Complaint.

**RESPONSE:**

**Copy produced by SunCrest Healthcare, Inc. in response to Request for Production of Documents.**

7.      Legible and complete copies of the title to the motor vehicle which Rosemarie Churchill was operating at the time of the collision described in the Complaint and the motor vehicle registration form.

**RESPONSE:**

**Copy produced by SunCrest Healthcare, Inc. in response to Request for Production of Documents.**

8.      Any statements, whether written or recorded, given or made by the Plaintiff, Defendant, Rosemarie Churchill, or any other witness to this litigation which are in the possession, custody or control of the Defendant, its agents, attorneys, investigators or insurance carriers.

**RESPONSE:**

**None.**

9.      A certified copy of any liability insurance policies including, but not limited to, any excess or umbrella policies, covering or inuring to the benefit of Defendant (or any of its companies), Rosemarie Churchill, or the vehicle operated by Rosemarie Churchill at the time of the collision described in the Complaint.

**RESPONSE:**

**Copy produced by SunCrest Healthcare, Inc. in response to Request for Production of Documents.**

10.     Any documents regarding Rosemarie Churchill's employment or agency with Defendant covering the time period from the date when Rosemarie Churchill first became employed or contracted with Defendant, ENTERPRISE, up until the date of your response to this Request including but not limited to her employment file.

**RESPONSE:**

**Objection, this request seeks information protected by the United States Constitution, the Florida Constitution, the Privacy Acts of the United States, as well as the Health Insurance Portability and Accountability Act. Without waiving said objection, a**

-4-

copy produced by SunCrest HealthCare, Inc. in response to Request for Production of Documents.

11.     A legible copy of both sides of Rosemarie Churchill's drivers' license.

**RESPONSE:**

See Response to No. 10 above.

12.     A complete copy of Rosemarie Churchill's employment and/or personnel files with Defendant, ENTERPRISE.

**RESPONSE:**

See Response to No. 10 above.

13.     Any correspondence from any insurance company to Rosemarie Churchill regarding the collision described in the complaint.

**RESPONSE:**

None in this Defendant's possession.

14.     All documents relating to any citation or disciplinary actions charged or taken against Rosemarie Churchill and received as a result of the incident described in the Complaint.

**RESPONSE:**

**Objection, this request seeks information protected by the Subsequent Remedial Measures Doctrine. Without waiving said objection, none.**

15.     All documents regarding any investigation or inquiry ever made, prior to June 16, 2011, by or at the direction of defendant, ENTERPRISE, concerning Rosemarie Churchill's driving record or qualifications.

**RESPONSE:**

**See Response to No. 10 above.**

16.     All documents regarding any other accidents or incidents or traffic infractions committed by Rosemarie Churchill, prior to June 16, 2011, while operating any vehicle owned or leased by Defendant, ENTERPRISE.

**RESPONSE:**

**See Response to No. 10 above.**

17. All documents regarding any agreement with any other person or party that would limit that party's liability to anyone for any of the damages sued upon in this litigation.

**RESPONSE:**

**Copy produced by SunCrest Healthcare, Inc. in response to Request for Production of Documents.**

18. All documents regarding any other litigation or claims including, but not limited to, any workers' compensation or personal injury claims, arising out of the collision described in the Complaint.

**RESPONSE:**

**None.**

19. All documents reflecting whether Rosemarie Churchill consumed any alcoholic beverages or took any drugs or medication (including, but not limited to, prescription, over-the-counter, legal or illegal) within twelve (12) hours before the collision described in the Complaint and regarding any tests administered to determine the existence of the same in Rosemarie Churchill's system at any time after the collision.

**RESPONSE:**

**None.**

20.     All documents relating to any and all medical treatment or advice sought by Rosemarie Churchill as a result of the collision described in the Complaint.

**RESPONSE:**

**None.**

21.     Copies of any and all written materials and manuals which were in effect at the time of Rosemarie Churchill's hiring and commencement of employment with ENTERPRISE including, but not limited to, the rules and regulations of ENTERPRISE and procedures regarding the safe operation of vehicles.

**RESPONSE:**

**Copies produced by SunCrest Healthcare, Inc. in response to Request for Production of Documents.**

22.     Copies of any and all written materials and manuals regarding safety guidelines and procedures for drivers, including Rosemarie Churchill which: (a) were in effect at the time of the June 16, 2011 collision; and (b) are in effect today.

**RESPONSE:**

**See Response to No. 21 above.**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been furnished to **Rebecca H. Cozart, Esquire,** Barnes & Cohen, P.A., 2747 Art Museum Drive, Suite 500, Jacksonville, Florida 32207; by U.S. Mail this _21_ day of June, 2012.

BOYD & JENERETTE, P.A.

PETER P. SLEDZIK
Florida Bar No. 0982740
201 North Hogan Street, Suite 400
Jacksonville, Florida 32202
904-353-6241 – Telephone
904-493-3744 – Facsimile
Attorneys for Defendant Enterprise Fleet
Management, Inc.

12·CA·3107
CV E

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA

**CHARLES (LEE) CROWE and ELLEN
CROWE, his wife,**

     **Plaintiff,**

v.

**BGR ACQUISITION, LLC, a Florida
limited liability company, SUNCREST
HEALTHCARE, INC., a foreign
corporation, ENTERPRISE FLEET
MANAGEMENT, INC., a foreign
corporation, and ROSEMARIE
CHURCHILL, an individual,**

     **Defendants.**

_____ /

CASE NO.: 10V1627

DIVISION:



FILED
JUL 30 2012
CLERK CIRCUIT COURT

## PLAINTIFF, CHARLES (LEE) CROWE'S, RESPONSE TO DEFENDANT, ENTERPRISE FLEET MANAGEMENT, INC.'S, FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS

     COMES NOW the Plaintiff, **CHARLES (LEE) CROWE**, by and through the

undersigned counsel, and responds to Defendant, **ENTERPRISE FLEET MANAGEMENT,**

**INC.'S**, First Requests for Production of Documents as follows:

    1.    See attached copies of all bills currently in Plaintiffs' possession.

    2.    See attached PIP log.

    3.    See repair estimates attached hereto.

    4.    None.

    5.    None, however, discovery ongoing.

    6.    Not applicable. Plaintiff is not making a claim for lost wages.

    7.    See attached copies of all medical records currently in Plaintiff's possession.

8.   See attached copies of all hospital records currently in Plaintiff's possession.

9.   Objection. Work product. Without waiving said objection, no such statements are in Plaintiff's possession, however, discovery ongoing.

10.   See attached insurance documents.

11.   See attached PIP and MedPay log.

12.   Objection. Work product. Without waiving said objection, see attached photos of the vehicle I was in. Plaintiff is searching for additional photographs pertaining to this request.

13.   Not applicable. Plaintiff is not making a claim for lost wages.

14.   Not applicable. Plaintiff is not making a claim for lost wages.

15.   Objection. Work product. Without waiving said objection, Plaintiff will produce such physical evidence, documents, etc., timely and in accordance with the courts trial order.

16.   Not applicable. Plaintiff has never been in the Military.

17.   Not applicable. Plaintiff has never applied for Social Security disability.

18.   None in Plaintiff's possession


## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true copy of the foregoing has been furnished via U.S.

Mail to:

**BOYD & JENERETTE, P.A.**
Peter P. Sledzik
201 North Hogan Street, Suite 400
Jacksonville, FL 32202

this 27th day of July, 2012.

BARNES & COHEN, P.A.

By:_____

2

**GLENN E. COHEN, ESQUIRE**
Florida Bar No.: 0187695
**REBECCA H. COZART, ESQ.**
Florida Bar No. 0487570
2747 Art Museum Drive, Suite 500
Jacksonville, FL 32207
Telephone: 904.396.5181
Telefax: 904.396.9008
**ATTORNEYS FOR PLAINTIFF**

12· CA·3707
CVE

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA

CHARLES (LEE) CROWE

      **Plaintiff,**

v.

BGR ACQUISITION, LLC, a Florida
limited liability company, SUNCREST
HEALTHCARE, INC., a foreign
corporation, ENTERPRISE FLEET
MANAGEMENT, INC., a foreign
corporation, and ROSEMARIE
CHURCHILL, an individual,

      **Defendants.**

CASE NO.: 10V1627

DIVISION:



FILED

JUL 30 2012

CLERK CIRCUIT COURT

      /

## PLAINTIFF'S SECOND REQUEST FOR ADMISSIONS TO DEFENDANT, ENTERPRISE FLEET MANAGEMENT, INC.

    COME NOW the Plaintiff, **CHARLES (LEE) CROWE**, pursuant to Rule 1.370, Florida Rules of Civil Procedure, request that Defendant, **ENTERPRISE FLEET MANAGEMENT, INC.**, admit the truth of the following matters of fact hereinafter set forth within thirty (30) days after service hereof, by answer in writing, by the individual Defendant named above and/or by an officer or agent of the Defendant duly authorized to answer the same.

    1.    Please admit that Defendant **ENTERPRISE FLEET MANAGEMENT, INC.** is vicariously liable for the negligent and/or wrongful conduct, if any, committed by **ROSEMARIE CHURCHILL** when she operated the subject motor vehicle in such a manner that caused it to collide with Plaintiff, **CHARLES (LEE) CROWE**, on June 16, 2011.

2.     Please admit that Defendant **ROSEMARIE CHURCHILL**, at the time of the

subject accident on June 16, 2011, was a permissible and/or authorized driver of

Defendant, **ENTERPRISE FLEET MANAGEMENT, INC.**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true copy of the foregoing has been furnished via U.S.

Mail to:

**BOYD & JENERETTE, P.A.**
Peter P. Sledzik
201 North Hogan Street, Suite 400
Jacksonville, FL 32202

this 27th day of July, 2012.

BARNES & COHEN, P.A.

By:_____
**GLENN E. COHEN, ESQ.**
Florida Bar No. 0187695
**REBECCA H. COZART, ESQ.**
Florida Bar No. 0487570
2747 Art Museum Drive, Suite 500
Jacksonville, FL 32207
Telephone: 904.396.5181
Telefax: 904.396.9008
**ATTORNEYS FOR PLAINTIFF**

2

*12·CA· 3107*
*CV·E*

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA

**CHARLES (LEE) CROWE**                                 CASE NO.: 10V1627

      **Plaintiff,**                                      DIVISION:

v.

**BGR ACQUISITION, LLC, a Florida
limited liability company, SUNCREST
HEALTHCARE, INC., a foreign
corporation, ENTERPRISE FLEET
MANAGEMENT, INC., a foreign
corporation, and ROSEMARIE
CHURCHILL, an individual,**

      **Defendants.**

_____/

```
┌─────────────────────────┐
│  F I L E D              │
│                         │
│    JUL 3 0 2012         │
│                         │
│   Jim Fullen            │
│  CLERK CIRCUIT COURT    │
└─────────────────────────┘
```

## PLAINTIFF, CHARLES (LEE) CROWE'S, NOTICE OF RESPONSE TO DEFENDANT, ENTERPRISE FLEET MANAGEMENT, INC.'S, INTERROGATORIES

      PLEASE TAKE NOTICE that Plaintiff, **CHARLES (LEE) CROWE**, by and through

the undersigned attorneys, has served answers to the Interrogatories propounded by Defendant,

**ENTERPRISE FLEET MANAGEMENT, INC.**, numbered 1 – 30 together with a copy of this

notice by regular U.S. mail to:

**BOYD & JENERETTE, P.A.**
Peter P. Sledzik
201 North Hogan Street, Suite 400
Jacksonville, FL 32202

this 27ᵗʰ day of July, 2012.

                              **BARNES & COHEN, P.A.**

          By: _____

                              **REBECCA H. COZART, ESQUIRE**
                              Florida Bar No.: 0487570
                              **GLENN E. COHEN, ESQUIRE**

12·CA·3707

CV E

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA

**CHARLES (LEE) CROWE**

     **Plaintiff,**

v.

**BGR ACQUISITION, LLC,** a Florida
limited liability company, **SUNCREST
HEALTHCARE, INC.,** a foreign
corporation, **ENTERPRISE FLEET
MANAGEMENT, INC.,** a foreign
corporation, and **ROSEMARIE
CHURCHILL,** an individual,

     **Defendants.**

_____ /

**CASE NO.: 10V1627**

**DIVISION:**



**FILED**

JUL 30 2012

CLERK CIRCUIT COURT

**PLAINTIFF, CHARLES (LEE) CROWE'S, NOTICE OF RESPONSE TO DEFENDANT,
ENTERPRISE FLEET MANAGEMENT, INC.'S, MEDICARE INTERROGATORIES**

     PLEASE TAKE NOTICE that Plaintiff, **CHARLES (LEE) CROWE,** by and through

the undersigned attorneys, has served answers to the Interrogatories propounded by Defendant,

**ENTERPRISE FLEET MANAGEMENT, INC.,** numbered 1 – 8 together with a copy of this

notice by regular U.S. mail to:

**BOYD & JENERETTE, P.A.**
Peter P. Sledzik
201 North Hogan Street, Suite 400
Jacksonville, FL 32202

this _27th_ day of July, 2012.

                    **BARNES & COHEN, P.A.**

By:            _____
            **REBECCA H. COZART, ESQUIRE**
            Florida Bar No.: 0487570
            **GLENN E. COHEN, ESQUIRE**

1

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA

CHARLES (LEE) CROWE and ELLEN
CROWE, his wife,

CASE NO.: 16-2012-CA-003707

DIVISION: CV-E

      Plaintiffs,

v.

BGR ACQUISITION, LLC, a Florida limited
liability company, SUNCREST
HEALTHCARE, INC., a foreign corporation,
ENTERPRISE FLEET MANAGEMENT, INC.,
a foreign corporation, and ROSEMARIE
CHURCHILL, an individual,

**FILED**

AUG 0 8 2012

CLERK CIRCUIT COURT

      Defendants.

_____/

### PLAINTIFFS' NOTICE OF VOLUNTARY DISMISSAL WITH PREJUDICE

COME NOW, the Plaintiffs, CHARLES (LEE) CROWE and ELLEN CROWE, his wife, and

hereby file this Notice of Voluntary Dismissal With Prejudice as to ELLEN CROWE in the above styled case.

Plaintiff' Affidavit to support her dismissal from this lawsuit is attached as Exhibit A.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been furnished by U. S. Mail to:

Peter Sledzik
201 North Hogan Street, Suite 400
Jacksonville, FL 32202

this _____ day of August, 2012.

                                 BARNES & COHEN, P.A.

                                 By: _____
                                 REBECCA R. COZART, ESQUIRE
                                 Florida Bar No. 487570
                                 2747 Art Museum Drive, Suite 500
                                 Jacksonville, FL 32207
                                 Telephone:    (904) 396-5181
                                 Facsimile:    (904) 396-9008

IN THE CIRCUIT COURT,
FOURTH JUDICIAL CIRCUIT, IN AND
FOR DUVAL COUNTY, FLORIDA

CHARLES LEE CROWE and      *
ELLEN CROWE, his wife,

     Plaintiffs,      *

     *

v.      CIVIL ACTION NO.: 16-2012-CA-003707   cv-e

     *

BGR ACQUISITION, LLC,
a Florida limited liability company,
SUNCREST HEALTHCARE, INC.,
a foreign corporation, ENTERPRISE
FLEET MANAGEMENT, INC.,
a foreign corporation, and
ROSEMARIE CHURCHILL,
an individual,

     *

     Defendant.      *

. **FILED**

AUG 0 8 2012

CLERK CIRCUIT COURT

## AFFIDAVIT

The Affiant, HELEN CROWE, upon being duly sworn, deposes and says:

1.      My name is HELEN CROWE. I was mistakenly named ELLEN CROWE on this law suit.

2.      I am the legal wife of CHARLES LEE CROWE who resides at 10559 Innisbrook Dr., Jacksonville, Florida 32222.

3.      CHARLES LEE CROWE and I are Plaintiffs in the above-styled cause.

4.      At this time, I hereby instruct the law firm of Barnes & Cohen, P.A., our attorneys in the above-styled cause, to dismiss me as a Plaintiff to this action pursuant to my request.

5.      I understand and acknowledge that I will not be entitled to any monies for damages recovered by, in this action and, that my "loss of consortium" claim and by dismissing me as a Plaintiff to this lawsuit, I will not be entitled to pursue any damages caused by the loss of consortium,

companionship, society and services, that I may have sustained as a result of the injuries that Charles Lee

Crowe sustained during a June 16, 2011 motor vehicle collision in Duval County, Florida.

*Helen Crowe*

HELEN CROWE

**STATE OF FLORIDA**

**COUNTY OF DUVAL**

The foregoing instrument was acknowledged before me this 7th day of ~~May~~, 2012, by August
_____, who is personally known to me and who did take an oath.

*Ellen Root*

**NOTARY PUBLIC**, State of
Florida at Large

*Ellen Root*

Notary Public State of Florida
Ellen Root
My Commission EE053921
Expires 03/18/2018

Printed Name / Commission Expires

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA

CASE NO.:  16-2012-CA-003707
DIVISION:  CV-E

CHARLES (LEE) CROWE and
ELLEN CROWE, his wife,

    Plaintiffs,

vs.

BGR ACQUISITION, LLC, a Florida
limited liability company, SUNCREST
HEALTHCARE, INC., a foreign corporation,
ENTERPRISE FLEET MANAGEMENT,
INC., a foreign corporation, and
ROSEMARIE CHURCHILL, an individual,

    Defendants.



---

### DEFENDANT BGR ACQUISITION, LLC's NOTICE OF SERVICE OF ANSWERS TO PLAINTIFF'S INTERROGATORIES

Defendant, BGR ACQUISITION, LLC, by and through its undersigned attorneys, hereby gives notice that it has this day served the original of its Answers to Plaintiff's Interrogatories upon counsel for Plaintiff.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been furnished to **Rebecca H. Cozart, Esquire,** Barnes & Cohen, P.A., 2747 Art Museum Drive, Suite 500, Jacksonville, Florida 32207 by U.S. Mail this _____ day of August, 2012.

    BOYD & JENERETTE, P.A.

PETER P. SLEDZIK
Florida Bar No. 0982740
201 North Hogan Street, Suite 400
Jacksonville, Florida 32202
904-353-6241 – Telephone
904-493-3744 – Facsimile
Attorneys for Defendant

00500746

1

FILED
AUG 0 8 2012
CLERK CIRCUIT COURT

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA

CASE NO.:   16-2012-CA-003707
DIVISION:   CV-E

CHARLES (LEE) CROWE and
ELLEN CROWE, his wife,

     Plaintiffs,

vs.

BGR ACQUISITION, LLC, a Florida
limited liability company, SUNCREST
HEALTHCARE, INC., a foreign corporation,
ENTERPRISE FLEET MANAGEMENT,
INC., a foreign corporation, and
ROSEMARIE CHURCHILL, an individual,

    Defendants.



## DEFENDANT SUNCREST HEALTHCARE, INC.'s NOTICE OF SERVICE OF ANSWERS TO PLAINTIFF'S INTERROGATORIES

Defendant, SUNCREST HEALTHCARE, INC., by and through its undersigned attorneys, hereby gives notice that it has this day served the original of its Answers to Plaintiff's Interrogatories upon counsel for Plaintiff.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been furnished to **Rebecca H. Cozart, Esquire**, Barnes & Cohen, P.A., 2747 Art Museum Drive, Suite 500, Jacksonville, Florida 32207; by U.S. Mail this _____ day of August, 2012.

BOYD & JENERETTE, P.A.

PETER P. SLEDZIK
Florida Bar No. 0982740
201 North Hogan Street, Suite 400
Jacksonville, Florida 32202
904-353-6241 – Telephone
904-493-3744 – Facsimile
Attorneys for Defendant

1

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA

CASE NO.:   16-2012-CA-003707
DIVISION:   CV-E

CHARLES (LEE) CROWE and
ELLEN CROWE, his wife,

     Plaintiffs,

vs.

BGR ACQUISITION, LLC, a Florida
limited liability company, SUNCREST
HEALTHCARE, INC., a foreign corporation,
ENTERPRISE FLEET MANAGEMENT,
INC., a foreign corporation, and
ROSEMARIE CHURCHILL, an individual,

    Defendants.



---

## DEFENDANT ROSEMARIE CHURCHILL'S RESPONSE TO PLAINTIFFS' REQUEST FOR PRODUCTION

    Defendant, ROSEMARIE CHURCHILL, by and through her undersigned attorneys,

hereby responds to Plaintiffs' Request for Production as follows:

    1.    Any and all written or transcribed statements made or given by Defendant,
Plaintiff and/or any witness relating to, or pertaining to, the incident described in the Complaint.

    **RESPONSE:** **None.**

    2.    Any and all insurance policies or contracts of insurance which might afford
coverage for the accident.

    **RESPONSE:** **Produced in Suncrest's Response to Request for Production of**

**Documents.**

00500750

3.     Any and all photographs taken of the Plaintiff following the incident described in the Complaint, in compliance with Target Corporation v. David Hutchins v. Tracey Vogel, 35 Fla. L. Weekly Dl686 (Aug. 6, 2010).

**RESPONSE:** Produced in Suncrest's Response to Request for Production of Documents.

4.     Any and all photographs taken of any of the vehicles involved in this collision taken prior to the accident.

**RESPONSE:** Produced in Suncrest's Response to Request for Production of Documents.

5.     Any and all photographs taken of any of the vehicles involved in this collision taken subsequent to the accident, in compliance with Target Corporation v. David Hutchins v. Tracey Vogel, 35 Fla. L. Weekly Dl686 (Aug. 6, 2010).

**RESPONSE:** Produced in Suncrest's Response to Request for Production of Documents.

6.     Any and all written or transcribed reports made pursuant to this accident by Defendant or any of Defendant's agents.

**RESPONSE:** None.

7.     Any and all written or transcribed reports made pursuant to this accident by any witness to the accident.

**RESPONSE:** None.

8.      Any and all written or transcribed reports made pursuant to this action by any police authority, rescue service, or any other official or corporate entity.

**RESPONSE:  Produced in Suncrest's Response to Request for Production of Documents.**

9.      Any and all repair bills and/or estimates which represent repairs conducted or contemplated upon any of the vehicles which were involved in the accident.

**RESPONSE:  Produced in Suncrest's Response to Request for Production of Documents.**

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been furnished to **Rebecca H. Cozart, Esquire**, Barnes & Cohen, P.A., 2747 Art Museum Drive, Suite 500, Jacksonville, Florida 32207; by U.S. Mail this ___/4___ day of August, 2012.

BOYD & JENERETTE, P.A.

PETER F. SLEDZIK
Florida Bar No. 0982740
201 North Hogan Street, Suite 400
Jacksonville, Florida 32202
904-353-6241 – Telephone
904-493-3744 – Facsimile
Attorneys for Defendants

00500750                                    -3-

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA

**CHARLES (LEE) CROWE**

CASE NO.: 10V1627   12-CA-3707-CVE

Plaintiff,

DIVISION: CV-E

v.

**FILED**

AUG 2 2 2012

CLERK CIRCUIT COURT

**BGR ACQUISITION, LLC**, a Florida
limited liability company, **SUNCREST
HEALTHCARE, INC.**, a foreign
corporation, **ENTERPRISE FLEET
MANAGEMENT, INC.**, a foreign
corporation, and **ROSEMARIE
CHURCHILL**, an individual,

Defendants.

_____ /

## PLAINTIFFS' MOTION TO SET TRIAL
## AND NOTICE OF HEARING

The Plaintiff, **CHARLES (LEE) CROWE**, by and through their undersigned attorneys, moves
this Court to set the above-styled cause for trial; said cause being at issue and ready for trial. It is
estimated that this matter will require three (3) days for trial. The Plaintiffs demands a jury trial.

**YOU WILL PLEASE TAKE NOTICE** that on **Wednesday, September 12, 2012** at
**9:30 a.m. (ex parte)** I shall call up before the Honorable Jack M. Schemer, one of the Judges of
the above-styled Court, in the Duval County Courthouse, Room 7061, Jacksonville, Florida, the
above Plaintiffs Motion to Set Trial.

**All attorneys appearing at the hearing shall be familiar with, and shall conduct themselves
in accordance with the Guidelines for Professional Conduct of the Trial Lawyers Section of
the Florida Bar and the Jacksonville Bar Associations, as well as the 1998 Handbook on
Discovery Practice published by the joint committee of the Trial Lawyers Section of the
Florida Bar and Conferences of Circuit and County Court Judges.**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was furnished by pre-paid U.S. Mail

to :

Peter Sledzik
201 North Hogan Street, Suite 400
Jacksonville, FL 32202

this _____21 st_____ day of August, 2012.

                                        BARNES & COHEN

                                   By: _____
                                        REBECCA H. COZART, ESQUIRE
                                        Florida Bar No.: 0487570
                                        GLENN E. COHEN, ESQUIRE
                                        Florida Bar No.: 0187695
                                        2747 Art Museum Drive, Suite 500
                                        Jacksonville, Florida 32207
                                        (904) 396-5181
                                        (904) 396-9008 (facsimile)
                                        ATTORNEYS FOR PLAINTIFFS



IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA

CASE NO.:   16-2012-CA-003707
DIVISION:   CV-E

CHARLES (LEE) CROWE and
ELLEN CROWE, his wife,

      Plaintiffs,

vs.

BGR ACQUISITION, LLC, a Florida
limited liability company, SUNCREST
HEALTHCARE, INC., a foreign corporation,
ENTERPRISE FLEET MANAGEMENT,
INC., a foreign corporation, and
ROSEMARIE CHURCHILL, an individual,

      Defendants.

**FILED**

AUG 2 4 2012

CLERK CIRCUIT COURT

---

## DEFENDANT ENTERPRISE FLEET MANAGEMENT, INC.'S RESPONSE TO PLAINTIFF'S SECOND REQUESTS FOR ADMISSIONS

Defendant Enterprise Fleet Management, Inc., by and through its undersigned attorneys,

hereby responds to Plaintiff's Second Request for Admissions, as follows:

    1.    Please admit that Defendant ENTERPRISE FLEET MANAGEMENT, INC. is vicariously liable for the negligent and/or wrongful conduct, if any, committed by ROSEMARIE CHURCHILL when she operated the subject motor vehicle in such a manner that caused it to collide with Plaintiff, CHARLES (LEE) CROWE, on June 16, 2011.

    **RESPONSE: Denied.**

    2.    Please admit that Defendant ROSEMARIE CHURCHILL, at the time of the subject accident on June 16, 2011, was a permissible and/or authorized driver of Defendant, ENTERPRISE FLEET MANAGEMENT, INC.

    **RESPONSE: Admitted.**

00625907

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been furnished to **Rebecca H. Cozart, Esquire,** Barnes & Cohen, P.A., 2747 Art Museum Drive, Suite 500, Jacksonville, Florida 32207; by U.S. Mail this _22_ day of August, 2012.

BOYD & JENERETTE, P.A.

PETER P. SLEDZIK
Florida Bar No. 0982740
201 North Hogan Street, Suite 400
Jacksonville, Florida 32202
904-353-6241 – Telephone
904-493-3744 – Facsimile
Attorneys for Defendant Enterprise Fleet
Management, Inc.

2

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA

CHARLES (LEE) CROWE,

CASE NO.: ~~10VT627~~ 2012-CA - 3707

Plaintiff,

DIVISION: CV-E

v.

BGR ACQUISITION, LLC, a Florida
limited liability company, SUNCREST
HEALTHCARE, INC., a foreign
corporation, ENTERPRISE FLEET
MANAGEMENT, INC., a foreign
corporation, and ROSMARIE
CHURCHILL, an individual,

> **FILED**
>
> AUG 29 2012
>
> _Jim Fuller_
> CLERK CIRCUIT COURT

Defendants.
_____ /

## NOTICE OF DESIGNATION OF PRIMARY
## AND SECONDARY E-MAIL ADDRESSES

Undersigned counsel, Rebecca H. Cozart, Esq., of Barnes & Cohen, P.A., on behalf of

Plaintiff, pursuant to Rule 2.516(b)(1), hereby designates the following primary and secondary e-

mail addresses for service of pleadings and documents in the above referenced case:

Primary E-mail Address: Rcozart@BBCjustice.com

Secondary E-mail Address: ChalmersB@BBCjustice.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing was furnished by U.S. Mail to:

Peter Sledzik
201 North Hogan Street, Suite 400
Jacksonville, FL 32202

on this 28th day of August, 2012.

**BARNES & COHEN, P.A.**

By:

**REBECCA H. COZART, ESQUIRE**
Florida Bar No.: 0487570
**CHALMERS H. BARNES, ESQ.**
Florida Bar No.: 197300
2747 Art Museum Drive, Suite 500
Jacksonville, FL 32207
Telephone: 904.396.5181
Telefax: 904.396.9008
**ATTORNEYS FOR PLAINTIFF**

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA

CASE NO.:   16-2012-CA-003707
DIVISION:   CV-E

CHARLES (LEE) CROWE and
ELLEN CROWE, his wife,

     Plaintiffs,

vs.

BGR ACQUISITION, LLC, a Florida
limited liability company, SUNCREST
HEALTHCARE, INC., a foreign corporation,
ENTERPRISE FLEET MANAGEMENT,
INC., a foreign corporation, and
ROSEMARIE CHURCHILL, an individual,

     Defendants.



---

### NOTICE OF DESIGNATION OF PRIMARY E-MAIL ADDRESS FOR SERVICE OF PLEADINGS AND PAPERS IN COMPLIANCE WITH THE NEW MANDATORY E-MAIL SERVICE RULE

     Boyd & Jenerette, P.A., pursuant to Florida Rules of Civil Procedure 1.080 (as amended effective September 1, 2012) and new Florida Rule of Judicial Administration 2.516 (as enacted effective September 1, 2012), designates the following e-mail address as the firm's primary e-mail address for the service of documents and request that copies of all orders, process, pleadings, and other documents filed or served in this matter be served to the following primary email address:

     efiling@boyd-jenerette.com

     Where service of hard copies is to be made in addition to the e-mail service required by new Rule 2.516 (b)(1)(A), counsel requests that the copies be served upon them at the physical address listed below.

00666458

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been furnished to **Rebecca H. Cozart, Esquire,** Barnes & Cohen, P.A., 2747 Art Museum Drive, Suite 500, Jacksonville, Florida 32207, Rcozart@BBCjustice.com, ChalmersB@BBCjustice.com; by Electronic Mail this _3|_ day of August, 2012.

BOYD & JENERETTE, P.A.

PETER P. SLEDZIK
Florida Bar No. 0982740
201 North Hogan Street, Suite 400
Jacksonville, Florida 32202
904-353-6241 – Telephone
904-493-3744 – Facsimile
psledzik@boyd-jenerette.com
Attorneys for Defendant
Primary Address for E-service: efiling@boyd-jenerette.com

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT IN AND FOR
DUVAL COUNTY, FLORIDA.

CASE NO:   16-20 *12* -CA- *003707*
DIVISION:   **CV-E**

*Charles (Lee) Crowe*

**Plaintiff(s),**

v.

*B6R Acquisition, LLC, Suncrest*
*Health care, Inc, Enterprise Fleet*
*Mgnt, Inc., Rosemarie Churchhill*

**Defendant(s).**

**ORDER SETTING CASE FOR JURY TRIAL AND FOR
PRE-TRIAL CONFERENCE AND REQUIRING MATTERS
TO BE COMPLETED PRIOR TO PRE-TRIAL CONFERENCE**

It appearing that this cause is at issue and ready for trial, it is, therefore,

**ORDERED** as follows:

1.   **TRIAL DATE.**
        This cause is hereby set for jury trial on *July*  *22*, 20 *13*, at 9:30 A.M.
Time allocated for trial is  *3*  DAYS.  Counsel shall appear in Chambers at 9:00 A.M.

2.   **PRE-TRIAL CONFERENCE.**
        The Pretrial Conference will be held in Hearing Room 709, Duval County Unified
Courthouse, Jacksonville, Florida, on *July 10*, 20 *13*, at  *11:01* A.M. or P.M., in accordance with
the provisions of Rule 1.200, Florida Rules of Civil Procedure.  Time allocated for conference is **ten
minutes.**

3.   **REQUIREMENTS PRIOR TO PRE-TRIAL CONFERENCE.**
        **No later than seven (7) days prior to the Pre-Trial Conference,** attorneys for each
party shall meet together by agreement instigated by counsel for the Plaintiff(s), to discuss the
possibility of settlement; stipulate to as many facts and issues as possible; examine all exhibits and
documents which may be used at trial; furnish opposing counsel the names and addresses of all
witnesses who may testify at trial; review all video depositions or exhibits to be used at trial; agree
to the extent possible on the use of jury instructions and verdict form at trial; and complete all other

matters which may expedite both the Pre-Trial Conference and the Trial of this case.

4. **REQUIREMENTS OF PRE-TRIAL STIPULATION.**

Counsel shall prepare a Pre-Trial Stipulation to submit at the pre-trial conference which shall contain the following: (a) a concise factual statement of the nature of the action and the claims and defenses of each party in a form suitable to be read to the jury; (b) a list of facts to which the parties admit or stipulate; (c), a list of the issues to be litigated; (d) a list of each party's witnesses, impeachment or otherwise, to be called at trial; (e) a list of deposition objections, citing page and line number, to be resolved by the court, and (f) a list of each party's exhibits to be offered at trial; and (g) a list of matters to be resolved by the court.

5. **TRIAL EXHIBITS.**

Each party must set forth all legal objections that the parties may have to any other parties' exhibits listed in paragraph 4(f) above. Authenticity is presumed unless an objection is raised. On or before 9:30 A.M. on the day of jury selection, each party shall deliver to the Clerk of Court all unobjected to exhibits together with a list thereof. The exhibits shall be pre-marked with exhibit stickers.

6. **EXPERT WITNESSES.**

No later than _60_ days prior to the Pre-Trial Conference, Plaintiff(s) shall serve on all opposing counsel and file with the Court a Notice containing the following information regarding each expert witness who will testify at trial on behalf of Plaintiff(s): (a) the name and address of the witness; (b) the area(s) of expertise of the witness; (c) the subject matter of the expected testimony of the witness; (d) the substance of the facts and opinions about which the witness is expected to testify; and (e) a summary of the grounds on which each of the opinions of the witnesses will be based. No later than _45_ days prior to the Pre-Trial Conference, each Defendant shall serve on all other counsel and file with the Court a Notice containing the same information regarding each expert witness who will testify at trial on behalf of that defendant. Any expert witness not included on the Notice as provided herein will not be allowed to testify without an order of the Court.

7. **DISCOVERY.**

All discovery shall be completed prior to the Pre-Trial Conference unless otherwise extended by written agreement of counsel or by Order of the Court.

8. **JURY INSTRUCTIONS AND VERDICT FORMS.**

A set of jury instructions and the verdict form upon which all parties agree shall be submitted to the court at the pre-trial conference together with those upon which there is no agreement.

9. **ATTORNEY REPRESENTATION.**

The Pre-Trial meeting and the Pre-Trial Conference shall be attended by the lead attorney who will try the case. All changes made to the pre-trial stipulation and any admissions made by the attorneys in attendance shall be binding upon the parties.

10.  **MEDIATION.**

Referral to the mediator listed below shall be by separate order. The appointed mediator shall prepare this order and submit it to the presiding judge forthwith. **MEDIATION SHALL BE HELD PRIOR TO THE PRE-TRIAL CONFERENCE.** It is mandatory that Mediation be attended in person by the parties, their counsel who will try the case, and, when applicable, an insurance company representative with full and absolute authority to settle the case without further consultations.

11.  **SETTLEMENT.**

**If the case settles, counsel for the Plaintiff(s) shall immediately advise the Judge's office so that the case may be removed from the trial calendar.**

12.  **ADMONITIONS.**

Failure to comply with the requirement of this Order will subject the party or attorney to appropriate sanctions.

**DONE AND ORDERED** in Chambers at Jacksonville, Duval County, Florida, this _12th_ day of ___September___, 2012.

_____
CIRCUIT JUDGE

Copies to:

_Rebecca H. Cozart_, Esquire
Attorney for Plaintiff

_Peter Sledzik_, Esquire
Attorney for Defendant

_Gregg Wirtz_, Esquire
Mediator

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA

CASE NO.:   16-2012-CA-003707
DIVISION:   CV-E

CHARLES (LEE) CROWE and
ELLEN CROWE, his wife,

     Plaintiffs,

vs.

BGR ACQUISITION, LLC, a Florida
limited liability company, SUNCREST
HEALTHCARE, INC., a foreign corporation,
ENTERPRISE FLEET MANAGEMENT,
INC., a foreign corporation, and
ROSEMARIE CHURCHILL, an individual,

    Defendants.

```
┌─────────────────────┐
│      FILED          │
│    SEP 20 2012      │
│                     │
│ CLERK CIRCUIT COURT │
└─────────────────────┘
```

---

## NOTICE OF TAKING DEPOSITION DUCES TECUM
### (IF AN INTERPRETER IS NECESSARY, PLEASE ADVISE THE UNDERSIGNED)

Please take notice that at **10:00 a.m.** on **Monday, November 5, 2012,** Defendants will

take the deposition of **CHARLES (LEE) CROWE** at Riley Reporting, 1660 Prudential Drive,

Suite 210, Jacksonville, Florida, pursuant to the Florida Rules of Civil Procedure, before Riley

Reporting, Notary Public, or before some other officer authorized to take depositions.  This

deposition is being taken for discovery purposes, for use at trial, or both.  Plaintiff is requested to

bring Plaintiff's tax returns for the five (5) years preceding the date of loss as alleged in

Plaintiff's Complaint through the current year as well as all documents in support of the lost

wage claim.

00682837

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been furnished to **Rebecca H. Cozart, Esquire,** Barnes & Cohen, P.A., 2747 Art Museum Drive, Suite 500, Jacksonville, Florida 32207, Rcozart@BBCjustice.com, ChalmersB@BBCjustice.com; by Electronic Mail this ____ day of September, 2012.

BOYD & JENERETTE, P.A.

_____
PETER P. SLEDZIK
Florida Bar No. 0982740
201 North Hogan Street, Suite 400
Jacksonville, Florida 32202
904-353-6241 – Telephone
904-493-3744 – Facsimile
psledzik@boyd-jenerette.com
Attorneys for Defendant

Primary Address for E-service: efiling@boyd-jenerette.com

In accordance with the Americans with Disabilities Act, persons needing a special accommodation to participate in this proceeding should contact Issuing Attorney not later than seven days prior to the proceeding at the address given on the notice. If this notice to the individual of a deposition, court date, subpoena, etc. is less than seven (7) days, then the individual should contact Issuing Attorney as soon as possible after receiving that notice. Telephone (904) 353-6241; or, if hearing impaired, 1-800-955-8771 (TDD); or 1-800-955-8770 (V), via Florida Relay Service.

cc:     Riley Reporting (via email: info@rileyreporting.com)

00682837

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA

CASE NO.:   16-2012-CA-003707
DIVISION:   CV-E

CHARLES (LEE) CROWE,

      Plaintiff,

vs.

BGR ACQUISITION, LLC, SUNCREST
HEALTHCARE, INC., ENTERPRISE
FLEET MANAGEMENT, INC., and
ROSEMARIE CHURCHILL,

      Defendants.

_____

## STANDARD MEDIATION ORDER

      Upon consideration, this cause is referred to Gregg L. Wirtz, Esquire, 231 East Adams Street, Jacksonville, Florida 32202, 904-493-5001, 904-493-5004 FAX, for Mediation pursuant to Chapter 44, Florida Statutes, and Rule 1.700, Fla.R.Civ.P.:

      1.    LOCATION: The Mediation Conference shall begin at <u>1:30 p.m.</u>, on <u>February 5, 2013</u>, at <u>231 East Adams Street, Jacksonville, Florida</u> **(reserved parking spaces 12, 13, 14, 15 & 16 in the parking lot next to 221 East Adams Street)** and continue until recessed or terminated by the Mediator. The Mediator is hereby authorized to resolve scheduling conflicts without further Order including rescheduling the Mediation Conference. The parties shall cooperate with the Mediator in all such matters. The time allotted for this Mediation is __4__ hours; however, if time permits, the participants shall be prepared to spend as much time as necessary to resolve this matter, or until an Impasse is declared by the Mediator.

      2.    ATTENDANCE: The personal attendance of all parties, trial counsel, and insurance representatives is required, unless excused by prior agreement of all parties, and/or counsel or by leave of Court. Parties shall appear with complete authority to resolve the matters in dispute as defined in Florida Rule of Civil Procedure 1.720(b).

      (a)    A corporate party shall send an authorized representative with absolute authority to enter into a full and complete compromise and settlement.

      (b)    A public entity required to conduct business pursuant to Chapter 286, Florida Statutes, shall appear at the Mediation Conference by physical presence of

a representative with full authority to negotiate on behalf of the entity and to recommend settlement to the appropriate decision-making body of the entity.

(c)     If insurance is involved in the action, the insurance carrier shall send a representative of the insured party, who is not such carrier's outside counsel, who has full authority to settle up to the amount of the Plaintiff's last demand or the policy limits, whichever is less, **without further consultation**.

(d)     If a party has knowledge of the existence of a lien, such as workers compensation, medical liens, or other subrogated liens, then that party shall give notice of the date, time and place of the Mediation Conference to the lien holder.

3.     MEDIATION PROCESS: Mediation is a process in which a neutral and impartial third party, the Mediator, acts to encourage and facilitate the resolution of a dispute without prescribing what it should be.  It is an informal and non-adversarial process with the objective of helping the parties to communicate constructively and to voluntarily reach their own mutually acceptable resolution of the issues in dispute.  A Mediator does not make rulings, or give legal advice, or impose any settlement on the parties.  The Mediator has no power to either compel or enforce settlement agreements.

4.     MEDIATION STATEMENTS AND SUMMARIES: No less than 72 hours prior to the Mediation Conference, each party shall furnish to the Mediator, **with a copy to all counsel involved**, a statement outlining the party's position, the issues involved, the latest settlement negotiations and designating the persons who will appear at the Mediation Conference.  Parties and counsel may attach other documents to the mediation statement, which they wish the Mediator to review.  These statements should not be filed with the Court.  Any party may communicate, through counsel, with the Mediator at any time regarding the conference.  All discussions, representations, and statements made at the Mediation Conference shall be privileged as settlement negotiations and nothing related to the Mediation Conference shall be admitted at trial or subject to discovery.

5.     COMPENSATION: The Mediator's practice may be devoted primarily to mediation and his time typically may not be able to be filled when the Mediation is canceled or postponed on short notice.  The Mediator has set forth the terms of compensation, including the cancellation policy for this Mediation, in the addendum attached hereto and incorporated herein by reference as **Exhibit A**.  It shall be the responsibility of the parties, and their counsel, to ensure that the Mediator's charges for conducting the Mediation are promptly paid in accordance with the terms set forth in **Exhibit A**.  The failure of any party, or their counsel, to make timely payment shall expose the parties, and their counsel, to additional fees, costs and sanctions as the circumstances require.

6.     SANCTIONS: If any party or counsel fails to comply with the terms of this Order, the Court may dismiss the case, strike pleadings, enter a default, remove the

case from the trial calendar, assess attorney's fees, mediation fees and costs or impose any other sanctions which the Court may deem appropriate under the circumstances.

7.    SETTLEMENT: It shall be the responsibility of the Plaintiff's counsel to immediately notify the Court and the Mediator, in writing, of any settlement or other termination of the litigation.

DONE AND ORDERED in Chambers at Jacksonville, Duval County, Florida, this _18th_ day of _October_____, 2012.


_____
Circuit Judge


Copies to:

Rebecca Cozart, Esquire
2747 Art Museum Drive, Ste. 500
Jacksonville, FL 32207
Attorney for Plaintiff

Peter Sledzik, Esquire
201 North Hogan Street, Ste. 400
Jacksonville, FL 32202
Attorney for Defendants

Gregg L. Wirtz, Esquire
231 East Adams Street
Jacksonville, FL 32202
Mediator, Certification No. 8536R

## EXHIBIT "A"

RATE OF COMPENSATION: The Mediator shall be compensated at the rate of $285.00 an hour for cases involving one plaintiff and one defendant. If there are three or more parties, the mediator shall be compensated at the rate of $100.00 an hour per party. The Mediator shall also be reimbursed reasonable expenses incurred in connection with the Mediation, including parking, mileage outside Jacksonville, etc.

(a)     Since the Mediator is responsible for scheduling the Mediation and preparing all of the necessary paperwork for submission to the Court for signature and distribution, the Mediator is entitled to charge a minimum of one hour for the time involved in performing this administrative function.

(b)     If at any time after 5:00 p.m. on January 28, 2013, the Mediation Conference is canceled for any reason, or the mediation conference is postponed/rescheduled, the Mediator is entitled at that time to charge the parties two (2) hours for a half-day Mediation and four (4) hours for a full day Mediation.

(c)     In the event a mediation is started and then terminated on the day of mediation, a minimum charge of two (2) hours will be made for a scheduled half-day Mediation Conference, or a four (4) hour minimum charge for a scheduled full day Mediation Conference.

(d)     If at any time the Mediation Conference is rescheduled, other than at the request of the Mediator, the Mediator is entitled to charge an additional one-half hour for each rescheduling of the Mediation Conference(s) and sending the necessary notices of the rescheduling.

(e)     All charges for Mediation are payable within 30 days of receipt of the statement from the Mediator.

(f)     All Mediation charges are to be divided equally among the parties.

GREGG L. WIRTZ - **Mediator**
Florida Bar No. 0241644
Certification No: 8536R
231 East Adams Street
Jacksonville, FL  32202
Phone:  904-493-5001
Fax: 904-493-5004
Email:  gwirtz@bendinc.com



**FILED**

OCT 26 2012

*[signature]*

CLERK CIRCUIT COURT

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA

CASE NO.: 16-2012-CA-003707
DIVISION: CV-E

CHARLES (LEE) CROWE

    Plaintiff,

v.

BGR ACQUISITION, LLC, a Florida
limited liability company, SUNCREST
HEALTHCARE, INC., a foreign
corporation, ENTERPRISE FLEET
MANAGEMENT, INC., a foreign
corporation

    Defendants.

---

## STIPULATED MOTION FOR LEAVE TO AMEND

The parties, by and through their undersigned attorneys and pursuant to the applicable

Florida Rule of Civil Procedure, hereby move this Honorable Court for an Order allowing

Plaintiff leave to amend his "Complaint" filed in this action, and in support thereof, state that the

through discovery Plaintiff has learned which Defendant entity owned the vehicle driven by

Rosemarie Churchill as well as which Defendant employed Rosemarie Churchill and has

amended his Complaint accordingly.

    Defendants hereby stipulate to Plaintiff's amendment of the Complaint to correctly allege

ownership of the vehicle and employment of the driver involved in the collision with Plaintiff.

Plaintiff's Amended Complaint is deemed filed with the filing of this Stipulation and relates back to

the date of filing of the original Complaint on 4 - 2 - 2012.

    **WHEREFORE**, the parties respectfully move for an Order allowing Plaintiff leave to

Amend his Complaint as shown in the Amended Complaint attached hereto.

Dated this 18th day of October , 2012.


WE SO MOVE:

**REBECCA H. COZART**
Florida Bar No.: 0487570
2747 Art Museum Dr., Ste. 500
Jacksonville, FL 32207
(904) 396-5181
(904) 242-9005 (fax)
Primary address for E-service:
       rcozart@bbcjustice.com
Attorneys for Plaintiff

**PETER P. SLEDZIK, ESQUIRE**
Florida Bar No.: 0982740
201 North Hogan Street, Ste. 400
Jacksonville, FL 32202
(904) 353-6241
(904) 493-3744 (fax)
Primary address for E-service:
       efiling@boyd-jenerette.com
Attorneys for Defendants

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA

CASE NO.: 16-2012-CA-003707
DIVISION: CV-E

CHARLES (LEE) CROWE

      Plaintiff,

v.

BGR ACQUISITION, LLC, a Florida
limited liability company, SUNCREST
HEALTHCARE, INC., a foreign
corporation, ENTERPRISE FLEET
MANAGEMENT, INC., a foreign
corporation

      Defendants.

_____

## ORDER PERMITTING PLAINTIFF'S
## AMENDED COMPLAINT

**THIS CAUSE** having come before this Court, on the parties' STIPULATED  MOTION

FOR LEAVE TO AMEND, and it appearing to the Court that Plaintiff has properly demonstrated the

need to file said "Amended Complaint," and it further appearing to the Court that Defendants have

no opposition to the amendment of the complaint, and being otherwise duly advised in the premises,

it is thereupon **CONSIDERED, AND ADJUGED** that:

1.     Plaintiffs are granted leave to amend their Complaint.

2.     Plaintiffs' "Amended Complaint" is deemed filed with the filing of the Stipulated

       Motion, and relates back to the date of filing of the original Complaint on April 2,

       2012.

3.     Defendants shall have 30 days from the date of this Order within which to

respond to the amended complaint.

**DONE AND ORDERED** in Chambers on this _28th_ day of _October_, 2012.

_____
Duval County Circuit Court Judge

**Copies to**:
Rebecca H. Cozart, Esquire
Peter P. Sledzik, Esquire

www.sunbiz.org - Department of State
Case 3:12-cv-01258-TJC-MCR   Document 1   Filed 11/16/12   Page 114 of 127 PageID 114
Page 1 of 2



**FLORIDA DEPARTMENT OF STATE**
**DIVISION OF CORPORATIONS**

| Home | Contact Us | E-Filing Services | Document Searches | Forms | Help |

Previous on List    Next on List    Return To List                    Entity Name Search

Events    Name History                                                  [ Submit ]

# Detail by Entity Name

## Foreign Profit Corporation

SUNCREST HEALTHCARE, INC.

## Filing Information

| | |
|---|---|
| **Document Number** | F06000007408 |
| **FEI/EIN Number** | 203701127 |
| **Date Filed** | 11/29/2006 |
| **State** | GA |
| **Status** | ACTIVE |
| **Last Event** | NAME CHANGE AMENDMENT |
| **Event Date Filed** | 01/02/2007 |
| **Event Effective Date** | NONE |

## Principal Address

510 HOSPITAL AVE
SUITE 100
MADISON TN 37115

Changed 04/16/2009

## Mailing Address

510 HOSPITAL AVE
SUITE 100
MADISON TN 37115

Changed 04/16/2009

## Registered Agent Name & Address

NATIONAL CORPORATE RESEARCH, LTD., INC.
155 OFFICE PLAZA DRIVE
TALLAHASSEE FL 32301 US

Name Changed: 08/31/2012

Address Changed: 08/31/2012

## Officer/Director Detail

**Name & Address**

Title DPC

DANT, JOHN W III
510 HOSPITAL DRIVE, SUITE 100
MADISON TN 37115

Title DVP

DOMICO, REXANNE A



510 HOSPITAL DRIVE, SUITE 100
MADISON TN 37115

Title EVP

DUNN, BRENDA A
510 HOSPITAL DR, SUITE 100
MADISON TN 37115

Title VP

KIEHL, JOHN T
510 HOSPITAL DR, SUITE 100
MADISON TN 37115

Title SVP

HARRIS, MARTEE J
510 HOSPITAL DR, SUITE 100
MADISON TN 37115

Title S

LITTLE, JOANNE K
510 HOSPITAL DR, SUITE 100
MADISON TN 37115

## Annual Reports

| Report Year | Filed Date |
| --- | --- |
| 2010 | 03/19/2010 |
| 2011 | 01/05/2011 |
| 2012 | 04/30/2012 |

## Document Images

| | |
| --- | --- |
| 08/31/2012 -- Reg. Agent Change | View image in PDF format |
| 04/30/2012 -- ANNUAL REPORT | View image in PDF format |
| 01/05/2011 -- ANNUAL REPORT | View image in PDF format |
| 03/19/2010 -- ANNUAL REPORT | View image in PDF format |
| 04/16/2009 -- ANNUAL REPORT | View image in PDF format |
| 04/28/2008 -- ANNUAL REPORT | View image in PDF format |
| 09/21/2007 -- Reg. Agent Change | View image in PDF format |
| 04/09/2007 -- ANNUAL REPORT | View image in PDF format |
| 01/02/2007 -- Name Change | View image in PDF format |
| 11/30/2006 -- Foreign Profit | View image in PDF format |

Note: This is not official record. See documents if question or conflict.

Previous on List     Next on List     Return To List

Events          Name History

Entity Name Search

Submit

www.sunbiz.org - Department of State
Case 3:12-cv-01258-TJC-MCR   Document 1   Filed 11/16/12   Page 116 of 127 PageID 116
Page 1 of 2



## FLORIDA DEPARTMENT OF STATE
## DIVISION OF CORPORATIONS

| Home | Contact Us | E-Filing Services | Document Searches | Forms | Help |
|------|-----------|-------------------|-------------------|-------|------|

Previous on List    Next on List    Return To List

Entity Name Search

No Events    No Name History

Submit

# Detail by Entity Name

## Foreign Profit Corporation

ENTERPRISE FLEET MANAGEMENT, INC.

## Filing Information

**Document Number** F10000001625
**FEI/EIN Number** 431697807
**Date Filed** 04/05/2010
**State** MO
**Status** ACTIVE

## Principal Address

600 CORPORATE PARK DR
ST LOUIS MO 63105

## Mailing Address

600 CORPORATE PARK DR
ST LOUIS MO 63105

## Registered Agent Name & Address

C T CORPORATION SYSTEM
1200 SOUTH PINE ISLAND ROAD
PLANTATION FL 33324 US

## Officer/Director Detail

**Name & Address**

Title DP

NICHOLSON, PAMELA M
600 CORPORATE PARK DR
ST LOUIS MO 63105

Title D

SNYDER, WILLIAM W
600 CORPORATE PARK DR
ST LOUIS MO 63105

Title D

TAYLOR, ANDREW C
600 CORPORATE PARK DR
ST LOUIS MO 63105

Title V

USSELMANN, STEVEN F
600 CORPORATE PARK DR
ST LOUIS MO 63105

Title TVAS

SNYDER, WILLIAM W
600 CORPORATE PARK DR
ST LOUIS MO 63105

Title S

LAFFEY, THOMAS A
600 CORPORATE PARK DR
ST LOUIS MO 63105



ALL-STATE LEGAL®

**EXHIBIT**

**3**

## Annual Reports

**Report Year Filed Date**
2011        04/11/2011
2012        04/05/2012

## Document Images

| 04/05/2012 -- ANNUAL REPORT | View image in PDF format |
| 04/11/2011 -- ANNUAL REPORT | View image in PDF format |
| 04/05/2010 -- Foreign Profit | View image in PDF format |

Note: This is not official record. See documents if question or conflict.

Previous on List        Next on List        Return To List                                    Entity Name Search

No Events        No Name History                                                                      Submit

| Home | Contact us | Document Searches | E-Filing Services | Forms | Help |

Copyright © and Privacy Policies
State of Florida, Department of State



# FLORIDA DEPARTMENT OF STATE
## DIVISION OF CORPORATIONS

| Home | Contact Us | E-Filing Services | Document Searches | Forms | Help |

Previous on List    Next on List    Return To List

Events    No Name History

Entity Name Search

Submit

# Detail by Entity Name

## Florida Limited Liability Company

BGR ACQUISITION, LLC

## Filing Information

| | |
|---|---|
| Document Number | L06000098860 |
| FEI/EIN Number | 510606314 |
| Date Filed | 10/06/2006 |
| State | FL |
| Status | ACTIVE |
| Last Event | LC AMENDMENT |
| Event Date Filed | 11/18/2009 |
| Event Effective Date | NONE |

## Principal Address

510 HOSPITAL DR, SUITE 100
MADISON TN 37115 US

Changed 04/30/2012

## Mailing Address

510 HOSPITAL DR, SUITE 100
SUITE 100
MADISON TN 37115 US

Changed 04/16/2009

## Registered Agent Name & Address

NATIONAL CORPORATE RESEARCH LTD., INC.
155 OFFICE PLAZA DRIVE
TALLAHASSEE FL 32301 US

Name Changed: 08/31/2012

Address Changed: 08/31/2012

## Manager/Member Detail

**Name & Address**

Title MGRM

SUNCREST HEALTHCARE, INC
510 HOSPITAL DRIVE, SUITE 100
MADISON TN 37115

## Annual Reports

**Report Year Filed Date**



EXHIBIT

4

ALL-STATE LEGAL®

| 2010 | 03/19/2010 |
| 2011 | 01/05/2011 |
| 2012 | 04/30/2012 |

## Document Images

| | |
|---|---|
| 08/31/2012 -- Reg. Agent Change | View image in PDF format |
| 04/30/2012 -- ANNUAL REPORT | View image in PDF format |
| 01/05/2011 -- ANNUAL REPORT | View image in PDF format |
| 03/19/2010 -- ANNUAL REPORT | View image in PDF format |
| 11/18/2009 -- LC Amendment | View image in PDF format |
| 04/16/2009 -- ANNUAL REPORT | View image in PDF format |
| 04/28/2008 -- ANNUAL REPORT | View image in PDF format |
| 02/08/2008 -- LC Amendment | View image in PDF format |
| 09/21/2007 -- Reg. Agent Change | View image in PDF format |
| 04/02/2007 -- ANNUAL REPORT | View image in PDF format |
| 10/06/2006 -- Florida Limited Liability | View image in PDF format |

Note: This is not official record. See documents if question or conflict.

Previous on List     Next on List     Return To List

Events          No Name History

Entity Name Search

Submit

| Home | Contact us | Document Searches | E-Filing Services | Forms | Help |

Copyright © and Privacy Policies
State of Florida, Department of State

STATE OF INDIANA      )
                      )
COUNTY OF MARION      )

## AFFIDAVIT OF MR. LLOYD CURRY, AIC, AIS

1. My name is Lloyd Curry and I am over the age of 18.

2. I work as a Liability Claims Adjuster for Protective Insurance Company.

3. As a Liability Claims Adjuster, I investigate and evaluate claims to initiate and participate in negotiations with claimants, or claimants' representatives in order to process, and facilitate settlement of, bodily injury and/or property damages claims.

4. I am the Liability Claims Adjuster assigned to handle Mr. Crowe's (Plaintiff) claims arising out of an accident that occurred on, or about, June 16, 2011.

5. During the discharge of my job responsibilities, I had the opportunity to speak with Mr. Crowe (Plaintiff) about this case and his demands by telephone on October 6, 2011.

6. On that date, Mr. Crowe (Plaintiff) stated to me that he believed his case to be worth between $75,000.00 and $100,000.00 and thereby demanded an amount in between $75,000 and $100,000 to settle his claim.

FURTHER AFFIANT SAYETH NAUGHT.

LLOYD CURRY                    DATE

PRO101-PS2019/00735607


EXHIBIT
5
ALL-STATE LEGAL®

I HEREBY CERTIFY that on this day, before me, an officer duly authorized in the State aforesaid and in the County aforesaid to take acknowledgments, personally appeared LLOYD CURRY to me known to be the person(s) and who executed the foregoing and acknowledged before me that he executed the same.

WITNESS my hand and official seal in the County and State last aforesaid this __*i l o*__ day of NOVEMBER, 2012.

*Uicki Allison*

Personally Known _____ or
Produced Identification _____

Type of Identification Produced _____



IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA

CASE NO.:   16-2012-CA-003707
DIVISION:   CV-E

CHARLES (LEE) CROWE

      Plaintiffs,

vs.

BGR ACQUISITION, LLC, a Florida
limited liability company, SUNCREST
HEALTHCARE, INC., a foreign corporation,
and ENTERPRISE FLEET MANAGEMENT,
INC., a foreign corporation,

      Defendants.

---

### DEFENDANTS' NOTICE OF FILING NOTICE OF REMOVAL

YOU ARE HEREBY NOTIFIED that the attached copy of the Notice of Removal to the

United States District Court for the Middle District of Florida was filed with the Clerk of said

District Court on November 16, 2012. Pursuant to 28 U.S.C. §1446(d), this Court shall proceed

no further in this cause unless and until this action is remanded to state court. Absent the entry

of a remand order by the District Court, this Court is divested of jurisdiction in this cause and is

thereby requested to stay all further proceedings.

YOU ARE FURTHER HEREBY NOTIFIED that this Notice of Filing Notice or

Removal incorporates by reference all requirements of 28 U.S.C. §1446.



## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been furnished to **Rebecca H. Cozart, Esquire,** Barnes & Cohen, P.A., 2747 Art Museum Drive, Suite 500, Jacksonville, Florida 32207, Rcozart@BBCjustice.com, ChalmersB@BBCjustice.com; by Electronic Mail this _____ day of November, 2012.

BOYD & JENERETTE, P.A.

PETER P. SLEDZIK
Florida Bar No. 0982740
201 North Hogan Street, Suite 400
Jacksonville, Florida 32202
904-353-6241 – Telephone
904-493-3744 – Facsimile
psledzik@boyd-jenerette.com
*Attorneys for Defendant*

Primary Address for E-service: efiling@boyd-jenerette.com

## CHARLES (LEE) CROWE 16-2012-CA-003707-XXXX-MA

**Division:** CV-E
**Clerk File Date:** 04/02/2012

**Fee's / Fines:** $0.00

### Party(s)

| Full Name | Party Type | Sex | Race | DOB | License # | Address | Party Attorney |
|---|---|---|---|---|---|---|---|
| CROWE, CHARLES (LEE) | PLAINTIFF | | | | | | Cozart, Rebecca Hopper 2747 Art Museum Dr Ste 500 Jacksonville FL 322075008 (904)824-4141 |
| BGR ACQUISITION, LLC, | DEFENDANT | BUSINESS | | | | | |
| Crowe, Ellen | PLAINTIFF | | | | | | |
| Suncrest Healthcare, Inc.,, | DEFENDANT | BUSINESS | | | | | |
| Enterprise Fleet Management, Inc.,, | DEFENDANT | BUSINESS | | | | | |
| Churchill, Rosemarie | DEFENDANT | | | | | | |
| Crowe, Helen | PLAINTIFF | | | | | | |

### Case Fee(s)

| Effective Date | Description | Amount | Paid | Balance | In Collections |
|---|---|---|---|---|---|
| 04/02/2012 | CIR/GENERALCIVIL 6/1/2011 | $441.00 | $441.00 | $0.00 | |

### Court Event(s)

| Date | Type | Location | Cancelled |
|---|---|---|---|
| 7/22/2013 | TRIAL | 0 NO COURT ROOM ENTERED | NO |

### Docket(s)

| Image | Effective Date | Count | Description |
|---|---|---|---|
| | 4/2/2012 | | AUTO NEGLIGENCE CASE |
| | 4/2/2012 | | DEMAND FOR JURY TRIAL |
| ⊡ | 4/2/2012 | | CASE FEES PAID: $441.00 ON RECEIPT NUMBER 1545091 |
| ⊡ | 4/2/2012 | | SUMMONS ISSUED -ROSEMARIE CHURCHILL |
| ⊡ | 4/2/2012 | | SUMMONS ISSUED -ENTERPRISE FLEET MANAGEMENT, INC. |
| ⊡ | 4/2/2012 | | SUMMONS ISSUED -SUNCREST HEALTHCARE, INC. |
| ⊡ | 4/2/2012 | | SUMMONS ISSUED -BGR ACQUSITION, LLC |

| | 4/2/2012 | | COVER SHEET |
|---|---|---|---|
| | 4/2/2012 | | COMPLAINT, SUMMONS ISSUED (4) |
| | 4/2/2012 | | NOTICE OF SERVICE OF INTERROGATORIES TO DEFT, ROSEMARIE CHURCHILL |
| | 4/2/2012 | | REQUEST TO PRODUCE TO DEFT, ROSEMARIE CHURCHILL |
| | 4/2/2012 | | NOTICE OF SERVICE OF INTERROGATORIES TO DEFT, BGR ACQUISITION, LLC |
| | 4/2/2012 | | REQUEST TO PRODUCE TO DEFT, BGR ACQUISITION, LLC |
| | 4/2/2012 | | REQUEST FOR ADMISSIONS TO DEFT, BGR ACQUISITION, LLC |
| | 4/2/2012 | | NOTICE OF SERVICE OF INTERROGATORIES TO DEFT, ENTERPRISE FLEET MANAGEMENT, INC., |
| | 4/2/2012 | | REQUEST TO PRODUCE TO DEFT, ENTERPRISE FLEET MANAGEMENT, INC., |
| | 4/2/2012 | | REQUEST FOR ADMISSIONS TO DEFT, ENTERPRISE FLEET MANAGEMENT, INC., |
| | 4/2/2012 | | NOTICE OF SERVICE OF INTERROGATORIES TO DEFT, SUNCREST HEALTHCARE, INC., |
| | 4/2/2012 | | REQUEST TO PRODUCE TO DEFT, SUNCREST HEALTHCARE, INC., |
| | 4/2/2012 | | REQUEST FOR ADMISSIONS TO SUNCREST HEALTHCARE, INC., |
| | 4/23/2012 | | SUMMONS RETURNED INDICATING SERVICE ROSEMARIE CHURCHILL, 04172012 |
| | 4/27/2012 | | NOTICE OF FILING RETURN OF SERVICE/PLAINTIFF |
| | 4/27/2012 | | SUMMONS RETURNED INDICATING SERVICE |
| | 4/27/2012 | | NOTICE OF FILING RETURN OF SERVICE |
| | 4/27/2012 | | RETURN OF SERVICE ON SUMMONS TO CT CORP ON 4/18/12 @ 9:00AM |
| | 4/27/2012 | | NOTICE OF FILING RETURN OF SERVICE ON BGR ACQUISITION,LLC |
| | 4/27/2012 | | RETURN OF SERVICE TO CT CORP ON 4/18/12 @ 9:00AM |
| | 5/8/2012 | | MOTION TO DISMISS - ATTY FOR ENTERPRISE FLEET MANAGEMENT |
| | 5/10/2012 | | OBJECTION BGR ACQUISITION, LLC. |
| | 5/10/2012 | | RESPONSE TO REQUEST FOR ADMISSIONS |
| | 5/10/2012 | | RESPONSE TO REQUEST FOR ADMISSIONS |
| | 5/10/2012 | | RESPONSE TO REQUEST FOR ADMISSIONS |
| | 5/10/2012 | | OBJECTION ENTERPRISE FLEET MANAGEMENT INC. |

| | 5/10/2012 | | NOTICE OF PROPOUNDING INTERROGATORIES |
|---|---|---|---|
| | 5/10/2012 | | NOTICE OF PROPOUNDING INTERROGATORIES |
| | 5/10/2012 | | NOTICE OF PROPOUNDING INTERROGATORIES AND CONSORTIUM INTERROGATORIES |
| | 5/10/2012 | | OBJECTION SUNCREST HEALTHCARE INC. |
| | 5/10/2012 | | REQUEST TO PRODUCE |
| | 6/1/2012 | | NOTICE OF VOLUNTARY DISMISSAL WITH PREJUDICE AS TO ELLEN CROWE (SEE ATTACHED EXHIBIT "A") |
| | 6/20/2012 | | ANSWER TO INTERROGATORIES FROM ENTERPRISE FLEET MANAGEMENT, INC.'S |
| | 6/20/2012 | | MOTION TO DISMISS , BGR ACQUISITION LLC, SUNCREST HEALTHCARE, INC. AND ROSEMARIE CHURCHILL |
| | 6/22/2012 | | RESPONSE TO REQUEST TO PRODUCE |
| | 6/22/2012 | | RESPONSE TO REQUEST TO PRODUCE |
| | 6/22/2012 | | RESPONSE TO REQUEST TO PRODUCE |
| | 7/30/2012 | | RESPONSE TO REQUEST TO PRODUCE OF DOCUMENTS FROM CHARLES (LEE) CROWE'S (FIRST) |
| | 7/30/2012 | | REQUEST FOR ADMISSIONS (SECOND) TO DEFT, ENTERPRISE FLEET MANAGMENT, INC. |
| | 7/30/2012 | | NOTICE OF RESPONSE TO DEFT, ENTERPRISE FLEET MANAGEMENT, INC. INTERROGATORIES |
| | 7/30/2012 | | NOTICE OF RESPONSE TO DEFT, ENTERPRISE FLEET MANGEMENT, INC.'S, MEDICARE INTERROGATORIES |
| | 8/8/2012 | | NOTICE OF DISMISSAL PLAINTIFF'S OF VOLUNTARY WITH PREJUDICE AS TO ELLEN CROWE |
| | 8/8/2012 | | AFFIDAVIT HELEN CROWE |
| | 8/8/2012 | | NOTICE OF SERVICE OF ANSWERS TO PLAINTIFF'S INTERROGATORIES |
| | 8/8/2012 | | NOTICE OF SERVICE OF ANSWERS TO PLAINTIFF'S INTERROGATORIES |
| | 8/14/2012 | | NOTICE OF FIRM NAME CHANGE OF CHANGE OF FIRM NAME |
| | 8/15/2012 | | RESPONSE TO REQUEST TO PRODUCE FROM MS. CHURCHILL |
| | 8/22/2012 | | MOTION TO SET FOR TRIAL AND NOTICE OF HEARING 09122012, 930 AM. EXPARTE ROOM 7061 |
| | 8/24/2012 | | RESPONSE TO REQUEST FOR ADMISSIONS |
| | 8/29/2012 | | NOTICE OF DESIGNATING PRIMARY EMAIL ADDRESS FOR THE SERVICE OF PLEADINGS AND PAPERS CHARLES LEE CROWE |

| | | | |
|---|---|---|---|
| 🖼 | 8/31/2012 | | NOTICE OF DESIGNATING PRIMARY EMAIL ADDRESS FOR THE SERVICE OF PLEADINGS AND PAPERS EFILING@BOYD-JENERETTE.COM (BOYD & JENERETTE, P.A.) |
| 🖼 | 9/17/2012 | | ORDER SETTING CASE FOR JURY TRIAL AND FOR PRETRIAL CONFERENCE AND REQUIRING MATTERS TO BE COMPLETED PRIOR TO PRETRIAL CONFERENCE ON 7/22/13 @ 9:30 AM - PRETRIAL ON 7/10/13 @ 11:00 AM ROOM 709 |
| 🖼 | 9/17/2012 | | NOTICE OF INTENT TO SERVE SUBPOENA STATE FARM , ET. AL., 09142012 |
| 🖼 | 9/20/2012 | | NOTICE OF TAKING DEPOSITION OF CHARLES (LEE) CROWE 11/5/12 @ 10AM |
| | 9/25/2012 | | TRIAL 07/22/2013 9:30 AM - 0 NO COURT ROOM ENTERED |
| 🖼 | 10/10/2012 | | REQUEST FOR COPIES (PLTF) |
| 🖼 | 10/12/2012 | | RESPONSE TO REQUEST FOR COPIES BGR ACQUISITION LLC. |
| 🖼 | 10/17/2012 | | RESPONSE TO REQUEST FOR COPIES ENTERPRISE FLEET MANAGEMENT INC. |
| 🖼 | 10/22/2012 | | REQUEST FOR COPIES CHARLES (LEE) CROWE |
| 🖼 | 10/23/2012 | | STANDARD MEDIATION ORDER 02/05/13 AT 1:30 P.M. |
| 🖼 | 10/26/2012 | | MOTION (STIPULATED), FOR LEAVE TO AMEND |
| 🖼 | 10/26/2012 | | NOTICE OF INTENT TO SERVE SUBPOENA PREMIER OPEN MRI, ET. AL., 10232012 |
| 🖼 | 10/30/2012 | | ORDER PERMITTING PLAINTIFF'S AMENDED COMPLAINT |
| 🖼 | 10/30/2012 | | RESPONSE TO REQUEST FOR COPIES ENTERPRISE FLEET MANAGEMENT INC. |
| 🖼 | 11/8/2012 | | RESPONSE TO REQUEST FOR COPIES DEFENDANT'S |